## MEAD vs. WALKER.

Sec. 5, Art. I of the constitution of this state (which declares that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy "), was designed to secure the right to a jury trial only in those cases where it could by law have been claimed at the time the constitution was adopted.

That provision would not prohibit the state legislature from authorizing a compulsory reference in actions involving the examination of a long account, such a reference having been provided for in actions of that kind by the territorial laws in force at the time of the adoption of the constitution.

But the power of a court to order such a reference in an action at law is not derived from the common law, but is dependent wholly upon the statute.

Under sec. 22, ch. 132, R. S., 1858, the courts have no power, in such an action, to direct a reference of *any issue* without the written consent of the parties.

APPEAL from the Circuit Court for *Rock* County.

Action to recover a certain sum claimed to be due upon an account for moneys advanced and services rendered.    After the cause was at issue, the plaintiff, upon an affidavit showing that the determination of the issue would "involve the consideration of a long account," obtained an order, against the objections of the defendant, referring the cause to a referee to hear, try and determine; and from this order the defendant appealed.

*H. K. Whiton*, for appellant, cited sec. 5, Art. I of the constitution of this state ; *Hammond v. Deaver*, West. Law Monthly, Nov. 1860, p. 591.    Notwithstanding the inhibition of the constitution, our legislature enacted secs. 4–8, ch. 95, R. S.,

1849, in language broad enough to cover both law and equity cases; but practically the statute was ignored, and it failed of re-enactment in the revision of 1858, though printed in the appendix.    The law, as it now stands, does not authorize compulsory references.    R. S., ch. 132, secs. 6 and 22.

*Knowlton & Jackson*, for respondent, as to the effect of the constitutional guaranty of a trial by jury, cited *Norval v. Rice*, 2 Wis., 293; *Gaston v. Babcock*, 6 id., 506; *Lee v. Tillotson*, 24 Wend., 337; *Murphy v. The People*, 2 Cow., 815; *Lewis v. Garrett's Adm'rs*, 5 How. (Miss.), 434; R. M. Charlton (Ga.), 302; *Comm'rs v. Seabrook*, 2 Strob., 560; *Flint River St. B. Co. v. Foster*, 5 Ga., 194; *Ross v. Irving*, 14 Ill., 171; Territorial Statutes of 1839, p. 209, § 84; *Rooker v. Norton*, Burnett's Rep., 33, 41.    2. Compulsory references in cases like the present are authorized by law.    R. S., ch. 132, sec. 24.    It cannot be held that no cases can be referred except under sec. 22, which provides for a reference upon consent of parties.    The legislature, in enacting that section, intended to extend the power of the court to refer cases, instead of limiting it.    Under previous statutes the courts had no power to refer issues of law or fact which did not involve the examination of long accounts; and this section was designed to give them that power with consent of parties.

*By the Court*, PAINE, J.    This action involves the examina tion of a long account, and the court below ordered a reference without the consent of the defendant.    The appeal presents the question whether the court could rightfully make such an order.

The appellant claims, first, that it is erroneous because it "violates his right to a trial by jury," which he insists the constitution secures in all actions at law.    But the clause in our constitution upon this subject has been interpreted as designed to secure only the right of trial by jury in all cases where it could by law have been claimed as a matter of right at the

time the constitution was adopted.  *Gaston vs. Babcock*, 6 Wis., 506; *Stilwell et al. vs. Kellogg*, 14 id., 461.  The same effect has been given to similar provisions in the constitutions of other states.

By the laws in force in the territory at the time our constitution was adopted, the court might order a compulsory reference in all actions involving the examination of a long account.  Laws of 1839, p. 209, § 84.  The validity of this act was upheld by the territorial courts.  Burnett's Reports, p. 41. Such, then, having been the law at the time of the adoption of the constitution, it follows that the provision that " the right of trial by jury shall remain inviolate," &c., would not prohibit a compulsory reference in cases where such right existed before.

The remainder of the clause, to the effect that the right shall extend to all actions at law without regard to the amount in controversy, was designed simply to avoid the effect which the provision of the constitution of the United States, limiting the right to cases involving twenty dollars, might be supposed to have.   It has, therefore, no bearing upon the point here in controversy.

But the appellant also insists that even though the legislature might authorize a compulsory reference, yet they have not done so, but on the contrary have made the consent of both parties a necessary condition.   And after carefully examining the statute, I am forced to the conviction that this is so. The provision is as follows:   " All or any of the issues in the action, whether of fact or of law, or both, may be referred upon the written consent of the parties."  Sec. 22, chap. 132, R. S.   The respondent contends that the design of this provision was to extend the right to refer to all cases by consent, without, however, making consent essential in those cases where it had not previously been so.   But it will be observed, in answer to this, that the right to refer any issue, even though one where a compulsory reference was formerly allowed, is now to be derived solely from this provision.   And that being

so, when the language is that the issue may be referred on the written consent of the parties, I am entirely at a loss to know whence to derive an authority to refer it without that consent.

If such a power of reference was an established common law power of courts, independent of statutory provisions, perhaps the construction of the respondent's counsel might be maintained. It might then be said that the object of this statute was to extend the right to refer to all cases, on consent, leaving the courts to act on such common law authority in cases proper for a compulsory reference. But I understand this right to refer actions in courts of law to be a creature of the statute. The existence of statutes in most of the states expressly authorizing it in certain cases, shows that statutes were considered necessary for that purpose. And the same inference is to be derived from the authorities cited by the respondent, showing that equity has jurisdiction in matters of account, and that they cannot be properly tried before a jury. The very ground of the equitable jurisdiction was, the inadequacy of the remedy at law ; and these cases all assume that if such actions were tried at law they would have to be tried before a jury. The right to refer being then a creature of the statute, we can look for it only to the statute. And that which is now in force having authorized it only on consent of the parties, I know not where to find the right to refer without such consent.

That this result was also really intended to be produced by the legislature, the history of this enactment would seem to show. It is well known that our code was copied almost entirely from that of New York. The provision under consideration was so copied, being sec. 270 of the New York code. But in that code the power of a compulsory reference was preserved by section 271, which our legislature did not adopt. It seems impossible to explain the striking out of that provision upon any other theory than that of an intention to make consent necessary in all cases of reference.

. Nor is there anything in section 24 of our statute that con-

flicts with this view. That provides that "in all cases of reference" the parties may agree on the referees, but if they do not agree, the court may appoint, &c. This is entirely in harmony with section 22, and provides only that the court may appoint the referees where the parties fail to agree on them—not that it may order a reference when they fail to consent. On the contrary, it allowed this appointment only "in cases of reference," leaving section 22 to determine what should be cases of reference.

There is undoubtedly much force in the argument of respondent's counsel, that cases involving long accounts cannot be fitly tried by a jury. That may be a good reason why the law should allow a compulsory reference in such cases. But we must take it as we find it, and we are obliged to say that it makes consent of the parties essential to the reference of any issue.

The order referring the case is reversed, with costs, and the cause remanded for further proceedings.