AXEL JORGENSEN

*vs.*

LEVI H. GRIFFIN.

Where one book is kept by the clerk as a register of actions and a judgment book, a judgment entered therein is valid.

The omission of the clerk to sign the judgment entered in the judgment book, is at most an irregularity, and does not invalidate the judgment.

The sufficiency of certain facts to show the filing of a judgment roll, and the subsequent loss of the same, considered and determined.

A motion by a defendant to set aside the docket of a judgment and execution, and subsequent proceedings thereon, in an action in which the defendant had appeared, made more than three years after the proceedings terminated, on grounds not affecting the validity or merits, but going only to the regularity of the proceedings, in the absence of any excuse for or explanation of the delay will be denied.

This is an appeal from an order of the district court for Carver county, denying a motion of defendant to set aside the judgment, and execution issued in the action. The case is sufficiently stated in the opinion of the court.

CHATFIELD & IRWIN for Appellant.

L. M. BROWN for Respondent.

*By the Court.*—McMILLAN, J.—It appears that upon the failure of the defendant to answer, the damages of the plaintiff were assessed by a jury, and judgment ordered by the

court, on the 14th of April, 1859, and on the same day judgment was entered by the clerk "in a book in which the actions in this court and the minutes, and judgments or orders for judgment were entered," but the clerk did not attach his signature to the judgment. The first objection urged by the appellant is that "no judgment in the action was ever signed or entered in any judgment book, as required by the statute; that there was not any judgment book kept by the clerk, and an unsigned entry of the form of a judgment in the register of actions (which is all there was in this case), is not, nor can be in the law, of any force or effect as a judgment."

The statute provides that the clerk shall keep among the records of the court a register of actions; he must enter therein the title of the action, with brief notes under it from time to time of all papers filed, and proceedings had therein; also a book for the entry of judgments, to be called the judgment book, in which the judgment must be entered, specifying clearly the relief granted, or other determination of the action. *Comp. Stat., Ch.* 72, *Sec.* 40, *p.* 630; *Ib. Ch.* 61, *Secs.* 72–73, *p.* 566.

It is perhaps contemplated by the statute that these shall be separate books, and we presume that such books are now invariably kept, but in our earlier history, it happened in some instances, as in the case under consideration, that one book was kept for both purposes. The great object of the statute is to require a record of the matters prescribed therein, as permanent and authentic evidence of the proceedings, and to which parties may have access, and of which they have notice. If the record of these matters exists, the substantial purpose of the statute is accomplished, whether the entries are contained in the same, or separate books; and we are unable to see that any actual injury

could result from keeping the record of the judgment, in the same book with the record of the other proceedings in the action, when but one book is kept for both purposes. The statute does not expressly require that separate books shall be kept for the purposes mentioned, and if a provision of this character may be implied from the language, we think it is directory only, and that when the judgment is entered in due form, its validity is not impaired by the fact that it is in the same book with the other proceedings in the action, as in this instance. The case of *Brown vs. Hathaway & Briggs,* 10 *Minn.,* 303, cited by the appellant is not in point.

The question involved in that case was not whether the entry of a judgment in proper form in the register of actions was valid, but whether there was a judgment entered at all, and it was determined there was not. We discover no statutory provision requiring the signature of the clerk to the entry of judgment; the only requirement is that the judgment must be entered in the judgment book, and must specify clearly the relief granted, or other determination of the action. *Comp. Stat., ch.* 61, *sec.* 72, *cited ante.* "A rule of court prescribed that judgments, and copies to annex to the judgment rolls, shall in all cases be signed by the clerk, and no other signature thereto shall be required." *Rules of Practice District Court, Rule* 19, 1 *Minn.,* 458. Under the statute the entry of the judgment in the judgment book is sufficient without the signature of the clerk; the record imports verity. The rule does not prescribe what shall be the effect of an omission to comply with its terms, and we are of opinion that such omission is at most a mere irregularity, which does not affect the substantial rights of the appellant, and must be disregarded. *Comp. Stats., ch.* 60, *sec.* 96; *Gen. Stat., ch.* 66, *sec.* 107.

Jorgensen v. Griffin.

The second point made by the appellant is that there has never been any judgment roll made, signed or filed in said action, and that for this reason the docket of the judgment is void.

The transcript of the record, in which there is no entry of the filing of the judgment roll, and the certificate of the clerk that there is no such roll among the papers in his office, are perhaps sufficient to raise the presumption, *prima facie*, that no judgment roll was filed. But the affidavit of John H. Brown, the attorney for the plaintiff in the action, which is not contradicted, states that on the 14th of April, 1859, "he made up the judgment roll, consisting of the summons and complaint, in said cause, the affidavit of no answer, the notice of assessment of damages, and the verdict or assessment of the jury, and wrote the form of the entry of judgment, and attached that also to said papers, and delivered them to the then clerk of said court, at his office, and requested him to docket the judgment, and supposed it had been done until 1864, when he learned the judgment had not been docketed." It being the duty of the clerk to sign the copy of the judgment, it will be presumed that he did so, and as the affidavit states positively the fact that the papers constituting the roll were in the custody of the proper officer for the purpose of being filed, it shows sufficiently the fact that the judgment roll was filed. *Bouv. Law Dic. " File."*

It is evident from the appellant's own showing, that there has been a loss of some papers from the files in this case, for it appears by the transcript of the record, that on the 12th of April, 1859, the amended complaint and acknowledgement of service were filed, and the clerk states in his certificate that there is not on file in his office any summons or *pleadings* in said action; the amended complaint, there-

Jorgensen v. Griffin.

fore, must have been lost, and as it forms a constituent part of the judgment roll, and was one of the papers attached together by the plaintiff's attorney, the inference is very strong at least that they were all lost together.

But further, this action was commenced as early as 1857. The defendant appeared in this action, and had a portion of the complaint stricken out, but made no answer to the amended complaint; the damages were assessed by a jury in court; the defendant having notice of all the proceedings, judgment was entered on the 14th of April, 1859. It was docketed on the 4th of April, 1864. On the 14th of April, 1864, execution was issued and returned unsatisfied. On the 6th of June, 1864, a second execution was issued and directed to the sheriff of Scott county, by virtue of which a levy was made on real estate of the defendant, which was sold on the 25th of July, 1864, and the execution satisfied and returned on the 29th of December, 1864. The defendant took no step whatever in the matter until the 18th of March, 1868, at which time the application to set aside the docket of the judgment, and execution, and subsequent proceedings thereon, was made. No excuse whatever, or explanation of this long delay is attempted. Whatever force may be in the objections to the proceedings, we are entirely satisfied that they do not go to the jurisdiction of the court, and do not affect the validity of the proceedings, but at most can only affect their regularity.

We must presume that the defendant was aware of these proceedings at the time they transpired, and having neglected for so long a time to move in the matter, he cannot now be permitted, in the absence of any excuse or explanation of the delay, to attack the regularity of the proceedings on grounds which do not affect their merits, but which are merely technical in their character.

The order appealed from is affirmed.