## WILLIAM E. PIPER

*vs.*

## ELLEN PACKER, *et al.*

Application of the rule that a judgment of the district court is presumably correct in the absence of an affirmative showing to the contrary.

Appeal by plaintiff from a judgment of the district court for McLeod county. The case is stated in the opinion.

JAMES EDSON, for Appellant.

ATWATER & BABCOCK and A. P. FITCH, for Respondent.

*By the Court.*—BERRY, J.—The complaint alleges that John Packer, deceased, in his lifetime, for a certain consideration, stated to have been performed by plaintiff, agreed to convey to plaintiff a certain tract of land, which he neglected to do. The relief prayed in this action, (which is brought against the widow and children of said Packer,) is, that said tract of land be adjudged to him (plaintiff) in fee simple, and that * defendants * * be adjudged to have no right therein. The action is then, in effect, for specific performance. The case was therefore triable by the court, except so far as it was submitted to a jury or referee. *Gen. Stat. chap.* 66, *sec.* 199.

The record, as it appears here, does not show, as it ought to show, how the trial was conducted. It appears, however, that by stipulation eight questions of fact were submitted to and answered by a jury. The plaintiff claimed that the answers determined all the issues in the case, and he moved, up-

Piper v. Packer et al.

on the pleadings and the answers given by the jury, for an order for judgment for the relief prayed in his complaint. Defendants resisted the motion, claiming that " material facts, not covered by the answers returned by the jury, were established by the evidence, and that the evidence should be considered in determining such motion," to which plaintiff objected. The court took the motion made by plaintiff under advisement, and, as the stipulation with which the record is attempted to be patched up states, " considered and acted upon its minutes of the evidence taken on the trial," no case or bill of exceptions having been made. The stipulation further states that the court decided the motion, and made and filed " its decision and order thereon." The decision and order are in the paper book, the former determining that the action must be dismissed and judgment ordered for defendants for costs, and the latter ordering dismissal and judgment for costs accordingly. From the judgment perfected upon such order plaintiff appeals to this court.

With regard to the consideration of the evidence by the court, the plaintiff claims that the evidence was *conclusively* passed upon by the jury, except as against a motion for a new trial. The answers of the jury, as the plaintiff insists, cover all the issues in the case. But the defendants, (and the court below in its filed decision is with them,) say that there were some matters appearing in the evidence, and proper and material to be considered in determining the case, which were not submitted to the jury, or passed upon in the answers by them given. The point thus in dispute, is not settled by any fact or statement appearing upon the record. The court below, however, as its written opinion demonstrates, has determined the case upon the basis, that the issues submitted to and passed upon by the jury do not cover the whole ground of the case. And as error is not to be presumed, it is to be

taken for granted, in the absence of an affirmative showing to the contrary, that the court is right.

Under these circumstances, and upon the record and supplementary stipulation of the parties, it is necessarily to be assumed that the question, whether the plaintiff had substantiated his pleaded cause of action, was properly before the court upon all the evidence in the case.

As there is no settled case, the court is not in a position to inquire whether or not the conclusion of the court below, that the action should be dismissed for insufficiency of proof, was or was not justified by the evidence. We can only say that, according to the stipulation of the parties, the case is one in which there was an oral agreement by John Packer to convey the land in controversy to plaintiff, while, assuming the facts proven to be correctly stated in the written decision of the court below, it was not proved that plaintiff had paid the consideration money, or entered into possession of the land, or made any improvements or expenditures upon it, upon the faith of such oral agreement. If these were the facts, the court below was undoubtedly right in its conclusion of law, that there was nothing in the case to take the agreement out of that provision of our statute of frauds, which requires contracts for the sale of lands to be in writing.

Judgment affirmed.