Stone vs. Merrill, imp.

STONE vs. MERRILL, imp.

REFERENCE. *(1) Must be by order of court, of record. (2) Consent, whether written or oral. (3) Effect of voluntary trial before person not duly appointed. (4) Order of reference*, nunc pro tunc.

1. A reference of a cause for trial (under Tay. Stats., ch. 132, § 25, p. 1499), whether compulsory or by consent of parties, must be *by order of court;* and such order cannot rest in parol, but must in some way appear in the record.

2. Where such an order is based upon consent of parties, the statute requires their *written* consent; but *it seems* that oral consent given in open court and *entered upon the minutes* is sufficient.

3. The voluntary appearance of parties before a person not duly appointed a referee, and their going to trial before him without objection, does not confer upon him the powers, or subject him to the obligations, of a referee; and where there was no order of reference in the record, it was error to confirm and render judgment upon the report of one before whom the cause was thus tried.

4. Whether the court, upon the facts in this case, can enter an order of reference *nunc pro tunc*, and thereupon give to the trial already had the same effect as though the person who acted as referee had been duly appointed such, is not here decided.

APPEAL from the Circuit Court for *Rock* County.

Action upon contract. After issue joined, the attorneys for the respective parties appeared in court, and announced that they had agreed upon a reference of the case to John R. Bennett, Esq., to hear, try and determine the issues and report his findings thereon. It appears that the judge thereupon orally directed a reference to Mr. Bennett; but no such direction was entered in the minutes of the court, nor any written order of reference made, filed or entered of record. The record also fails to show any written stipulation or consent of the parties to such reference.

Both parties, however, with their attorneys, appeared before Mr. Bennett, on a subsequent day, and proceeded with the trial of the case, introducing evidence, examining and cross

examining witnesses, and arguing the points involved, without objection to Mr. Bennett's authority as referee. This trial appears to have taken place December 8, 26 and 27, 1860, and January 2, 1861. Mr. Bennett afterward filed his report as referee, bearing date October 20, 1875, wherein he set forth his findings of fact and conclusions of law, one of which conclusions was, that plaintiff was entitled to judgment.

Defendants filed exceptions to several of the findings and conclusions, and also filed objections to a confirmation of the report, on the grounds that there was no order of reference and no written consent of the parties thereto.

Mr. Bennett's affidavit, read in support of the motion to confirm, further states, that the attorneys for both parties sought his consent before the reference, and afterward notified him that the cause was referred to him; that they agreed with him upon a day when the cause should be brought to a hearing, and stipulated as to his fees as referee; and that both parties and their attorneys had all along acted and proceeded in the case before him upon the theory that it had been so referred.

The circuit court confirmed the report, and ordered judgment for the plaintiff; and from a judgment entered pursuant to the order, defendants appealed.

*A. A. Jackson*, for appellants, on the question of Bennett's jurisdiction, contended, 1. That the statute required a written consent of the parties to a reference (R. S., ch. 132, sec. 22; *Mead v. Walker*, 17 Wis., 189; *Hills v. Passage*, 21 Wis., 294; *Diddele v. Diddele*, 3 Abb. Pr., 167; *Haner v. Bliss*, 7 How. Pr., 246; *Scudder v. Snow*, 29 id., 95; *Waterman v. Waterman*, 37 id., 36 and note; see also 2 R. S. of Indiana, p. 116, § 349, and *Shaw v. Kent*, 11 Ind., 80); and that this statute should be strictly pursued, and the facts giving jurisdiction should appear in the record. *Thatcher v. Powell*, 6 Wheat., 127. 2. That a referee has judicial powers, and can acquire these only through an order of court; and such

order, to be valid, must be regularly made and entered of record (R. S., ch. 132, sec. 23; 3 Wait's Pr., 256; *Litchfield v. Burwell*, 5 How. Pr., 341; *Bonner v. McPhail*, 31 Barb., 106; 16 Wall., 332, 366); that his jurisdiction is limited and special, and can not be presumed *(Supervisors v. Le Clerc*, 3 Pin., 325; *Rex v. All Saints*, 7 Barn. & Cress., 785; 14 E. C. L., 351; Broom's Leg. Max., 732); that any presumption in such a case must necessarily rest upon some fact appearing of record, not one disconnected with the record *(O'Gara v. Eisenlohr*, 38 N. Y., 296, 303; Wharton's Ev., 1226, and note 3; 3 Bouvier's Inst., 344 et seq.); and that a presumption which would sustain this report would overrule and destroy a. stronger presumption, viz., that court records are accurate and complete.   3 Bouv. Inst., 348; *Reed v. Jackson*, 1 East, 355.   3. That the mere appearance of the parties could not give Mr. Bennett jurisdiction.    *Van Slyke v. Ins. Co.*, 39 Wis., 390; *Damp v. Town of Dane*, 29 id., 432; *State ex rel. McCurdy v. Tappan*, id., 664; *Hills v. Passage*, 21 id., 294; *Bank v. Trust Company*, 22 id., 231; *Shaw v. Kent*, 11 Ind., 80.   4. That defendants' right to a jury trial had not been waived in any of the ways provided by statute.   R. S., ch. 132, sec. 6; 11 Ind., 80.

For the respondent, a brief was filed by *Orton & Parker* and *J. B. Cassoday*, and there was oral argument by *Mr. Cassoday*.   They argued that the case was one where a compulsory reference could be ordered, under secs. 181, 183, ch. 120, Laws of 1856; that in any event, written consent to refer could be waived by agreement in open court *(Keater v. Railway Company*, 7 How. Pr., 41; *Draycroft v. Fowler*, 7 id., 259; *Waterman v. Waterman*, 37 id., 36); that even a constitutional provision can be waived by parol *(Baker v. Broman*, 6 Hill, 47); that the act of proceeding upon the reference was a waiver of objections for irregularity or for want of an order *(Quin v. Loyd*, 7 Rob., 157; *Garcia v. Sheldon*, 3 id., 232; *Wheeler v. Supervisors*, 6 How. Pr., 278; *Bonner v. Mc-*

*Phail,* 31 Barb., 106; *Bucklin v. Chapin,* 35 How. Pr., 155); and that an order might be made and entered *nunc pro tunc* (6 How. Pr., 278; *Scudder v. Snow,* 29 id., 95; 31 Barb., 106; *Ludington v. Taft,* 10 id., 447); that consent of the parties appearing in the minutes of the court or of the referee is written consent within the statute (17 How. Pr., 259; 35 id., 155; 37 id., 36); that the parties were not entitled to a jury trial as a matter of right, and, the testimony having been taken and reported without objection, the court had jurisdiction to render judgment even independent of a reference (10 Barb., 448; 3 id., 232; *Haner v. Bliss,* 7 How. Pr., 246; 3 Wait's Pr., 268); that, had defendants been entitled to a jury trial, the proceedings had in the case with their consent must be held a waiver *(Moffatt v. Moffatt,* 10 Bosw., 468; *McKeon v. Lee,* 4 Rob., 449; *Gleason v. Keteltas,* 17 N. Y., 491; *Pa. Coal Co. v. Del. Canal Co.,* 1 Keyes, 72); and that, this case, having been in the hands of the referee sixteen years, the court should indulge a presumption in favor of the existence of consent and a written order of court. *Eaton v. Supervisors,* 40 Wis., 688; *Corning v. Slosson,* 16 N. Y., 294.

COLE, J. The learned counsel for the appellant insists that the circuit court erred in confirming the report of Mr. Bennett, and directing judgment thereon, for the reason that the cause had never been referred to him to try and determine. The counsel claims that it was absolutely essential to the regularity of the subsequent proceedings before the referee, that the court in which the action was pending should make and enter an order, founded on the consent of parties, directing a reference and appointing the referee; and that, as the record fails to show any such order or consent, Mr. Bennett had no power to act in the matter as referee. This position of counsel seems to us correct, and must work a reversal of the judgment. It is not claimed that the record shows any consent of the parties to a reference, or any order of reference made by the court.

That the statute contemplates and requires the court to make and enter such an order on written consent of parties, seems too plain for argument.   Tay. Stats., ch. 132, § 25.   It is the order which confers upon the referee power to administer oaths, examine witnesses, hear and determine the issues; it is therefore indispensable that it should be made.   It is obvious that it cannot rest in parol, any more than any other decision of the court, but should in some way appear in the record, or entries made in the minutes of the court.   It will be seen that the statute makes the written consent of, parties to the reference essential, as a basis of the order of the court (*Mead v. Walker*, 17 Wis., 189; *Hills v. Passage*, 21 id., 294); but doubtless oral consent given in open court, and entered upon its minutes, would answer the requirements of the statute.

The learned counsel for the respondent insisted that this was a case where the court was authorized to make a compulsory reference, and therefore no written consent was necessary. Conceding this position to be correct, still the difficulty remains, that the record shows no order.   There must be an order of court in case of compulsory reference.

But the same counsel further claimed that the omission to obtain an order of reference was an irregularity which the parties could waive; that, as they appeared before Mr. Bennett by counsel, and took no objection to his trying the cause as referee, but examined witnesses and tried the cause upon the merits, the case should now be treated as though Mr. Bennett had been legally appointed referee in the first instance.   We do not think the appearance of the parties before Mr. Bennett, or even going to trial on the merits before him, could or did confer upon him power to act as referee, and supply the place of an order of appointment.   For it is plain that it is the order of court which clothes the referee with authority to act, and gives validity to his report.   The voluntary appearance of the parties before Mr. Bennett, under the circumstances, would give him authority to take the testimony of witnesses, and re-

port it to the court.    But we cannot see any ground for giving it any other or greater effect as a reference, as the record now stands.    It is quite clear that no witness could be punished for perjury committed before Mr. Bennett, if he was never appointed referee (*Bonner v. McPhail*, 31 Barb., 106); nor could Mr. Bennett have been attached and punished for any misconduct or failure to act as referee.    " If a referee fails to report, either party has a right to rule him to report; or, if he fails to act after he has accepted the appointment, to obtain an order of the court that he proceed; or, if he suppresses a part of the testimony, or makes a defective report, to require him to amend the report.    The statute provides that the court may require the referees to amend their report when necessary.    All these orders, if not obeyed, may be enforced by the court, by attaching and imprisoning the referee, or fining him; and for improper conduct, or even for failing to discharge the duties of his office, he may be removed by the court, and another referee appointed."    *Hills v. Passage, supra*, p. 300.

If these remarks are applied to the case of Mr. Bennett, they sufficiently show that he did not occupy the position of a legally appointed referee, nor did the acts of the parties have the effect to confer upon him the power of one.    The court, in the present state of the record, would not proceed against him for a contempt or violation of its orders.

Whether or not it would be competent for the circuit court, on a proper application therefor, to enter an order *nunc pro tunc*, so as to give the same effect to the trial had before Mr. Bennett as though he had been duly appointed a referee in the cause, is not a question before us, and is therefore undecided. It is sufficient to say no steps were taken to perfect the record in this respect, and supply the want of an order, if it could be supplied.    Possibly, enough appears in the minutes of the court to authorize the entry of an order of reference *nunc pro tunc;* but the entry of such an order, and its effect when made, must be remitted for the consideration of the court below.    On

the record before us, the judgment of the circuit court confirming the report of the referee must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.