WARREN T. HERRICK *vs.* WILLIAM BUTLER, impleaded, etc.

January 11, 1883.

**Appeal—Order Allowing Retaxation of Costs.**—Where, upon a stipulation for a judgment of dismissal without costs or notice, a judgment was entered with costs, an order vacating the allowance of costs, but refusing to set aside the judgment, will not be reversed in this court because made with leave to defendant to proceed upon notice to retax such costs. Plaintiff's remedy in such case is by the proper appeal after such retaxation and allowance of costs in the judgment.

**Jurisdiction—Defective Judgment-Roll.**—Want of jurisdiction not affirmatively appearing, a judgment of a court of general jurisdiction is presumed valid. It is not enough to overcome this presumption merely to show that the judgment-roll is irregularly and defectively made up, or that papers, which should properly constitute a part of it, are missing from it.

Action to quiet title, brought in the district court for Morrison county. Defendant Butler answered and the action was referred to a referee for trial. Subsequently the parties entered into a stipulation dismissing the action, which was in the following words: "It is hereby stipulated and agreed by and between the parties to the above-entitled action, that the same be and hereby is dismissed, the defendants to neither receive or pay the costs or disbursements therein; that judgment may be entered in said action in accordance with this stipulation, without further notice to or by either party." Upon this stipulation the referee made an order dismissing the action. Defendant having taxed costs and caused judgment to be entered in his favor without notice, plaintiff moved that the judgment be set aside and vacated, because of the costs included in it, and because of the defects in the judgment-roll, and appeals from an order by *McKelvy*, J., setting aside the judgment and allowing a retaxation of the costs, upon notice, but denying all further relief.

*Savage & Woodman*, for appellant.

*Taylor & Taylor*, for respondent.

VANDERBURGH, J.* Judgment dismissing the action and for costs against the plaintiff, taxed without notice, was entered August 31, 1880. Plaintiff afterwards moved the court to set aside the judgment for irregularity, on the ground of defects in the record and judgment-roll, and because costs were irregularly taxed. The court, however, had jurisdiction, and the action appears to have been dismissed upon the trial by the referee, in pursuance of a stipulation of the parties. This stipulation was, however, for judgment of dismissal without costs and without notice. The court granted plaintiff's motion in so far as to vacate the taxation and allowance of costs in the judgment, but denying further relief, with leave, however, to defendant to retax costs upon notice. Plaintiff thereupon appealed from that portion of the order refusing to set aside the judgment, and granting leave to readjust the costs.

As to the imperfect condition of the judgment-roll, want of jurisdiction does not affirmatively appear, and a judgment of a court of gen-

*Gilfillan, C. J., because of illness, took no part in this case.

eral jurisdiction is presumed valid until the contrary is shown. It is not enough to overcome this presumption that the judgment-roll is defective, or that some of the papers which should properly constitute a part of it are wanting. *Gemmell* v. *Rice*, 13 Minn. 371, (400;) *Williams* v. *McGrade*, Id. 39, (46;) *Jorgensen* v. *Griffin*, 14 Minn. 346, (464;) *Holmes* v. *Campbell*, 12 Minn. 141, (221;) *Piper* v. *Packer*, 20 Minn. 245, (274.) These omissions are, however, sufficiently supplied and explained in the amended return made to this court, which, we think, should be considered on this appeal.

It was irregular to enter up a judgment for costs, in view of the stipulation of the parties, but not to enter the judgment of dismissal. It was sufficient for the referee to direct a dismissal of the action by the consent of the parties without any further report, and thereupon the clerk might regularly enter the judgment, if without costs, without notice; if with costs, upon notice of taxation. *McCormick* v. *Miller*, 19 Minn. 384, (443;) *Thompson* v. *Myrick*, 24 Minn. 4; Rule 28, Dist. Ct. The dismissal was in pursuance of Gen. St. 1878, c. 66, § 262, subd. 3. *Johnson* v. *Robinson*, 20 Minn. 153, (170.)

The plaintiff is not prejudiced by the refusal of the court to set aside the judgment entirely. Neither is he aggrieved by the fact that leave was granted to retax the costs, which, by itself, is not a decision or order which is appealable. *Felber* v. *South. Minn. R. Co.*, 28 Minn. 156; *Libby* v. *Mikelborg*, Id. 38. When such costs are retaxed and allowed in the judgment, the plaintiff may avail himself of his remedy by the proper appeal. As the case now stands the order should be affirmed.