## Reinig vs. Hecht and others, imp.

*September 5 — September 25, 1883.*

*(1) Presumption as to jurisdiction of superior courts. (2) Foreclosure of mortgage: judgment for deficiency after death of mortgagor.*

1. Reasonable presumptions are always made in favor of the judgments of superior courts, and the presumption of jurisdiction is indulged until something in the record shows a want of it.

2. A judgment of foreclosure which, without proof that they have incurred such a responsibility, makes the heirs and devisees of the deceased mortgagor personally liable for any deficiency to the extent of the property of such mortgagor which shall have descended or been devised to them, and which makes such deficiency a lien upon the property of such deceased mortgagor, is erroneous and will be reversed on an appeal by the personal representatives of the mortgagor. The deficiency, if found, should be certified to the probate court to be paid with the other debts of the deceased.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to foreclose a mortgage. The case is stated in the opinion.

*De W. C. Priest*, for the appellants.

*Edward S. Bragg*, of counsel, for the respondent.

COLE, C. J. This appeal is from the judgment of foreclosure entered February 18, 1881. There is no bill of exceptions, and we can only consider errors apparent on the record. An objection is taken to the correctness of the judgment, on the ground that the court had no jurisdiction to render it. It appears from the record that the mortgagors, John and Rosina Hecht, died after the commencement of the suit, leaving four children as their heirs at law. Three of the children were minors, and the adult child was a resident of Chicago. The complaint alleges that the mortgage debt was contracted for the benefit of the separate estate of Rosina, and the mortgage was upon a part of such separate estate. Rosina left a will, giving all of her property in equal

parts to her children.   The defendants *Hartman* and *Reitz*
were executors of the will, which had been admitted to pro-
bate.   The notice of appeal states that the appeal is taken
by the " defendants *Edward Hecht, Frank A. Hecht, Alfred.
Hecht,* and *Paulina F. Hecht,* by *Charles Hartman* and.
*George Reitz,* their testamentary guardians; and *Charles
Hartman* and *George Reitz,* executors of the estate of Rosina
Hecht, deceased," from the whole of the judgment of fore-
closure, and every part thereof.

The correctness of the judgment is challenged on several
grounds.   It is said that the record in the cause fails to show
that the suit was properly revived after the death of the
mortgagors, or that jurisdiction was ever acquired over the
person of *Frank A. Hecht* — who resided in Chicago — by
the attempted service upon him, or that there was a guard-
ian *ad litem* for the infant heirs appointed, upon a regular
and proper notice given.   But we think that none of these
points are well taken, for these reasons: The court finds as
a fact that the suit was duly revived, and that a guardian *ad
litem* for the infant heirs was properly appointed.   And the
judgment recites that the summons and supplemental com-
plaint were duly served upon each of the defendants more
than twenty days before its rendition; that due proof of
such service was made and filed; that the time for answer-
ing the supplemental complaint had expired; that no an-
swer or notice of appearance had been served or received by
the plaintiff's attorney except the general answer of the.
guardian *ad litem;* and that proof of such failure to appear
and answer had been filed, except, etc.   There is nothing in
the record to countervail these recitals and findings or which,
in the least tends to impeach their correctness.   Reasonable
presumptions are always made in favor of the judgments of
superior courts, and the presumption of jurisdiction is in-
dulged until something in the record shows a want of it.
This is elementary law, and has often been affirmed in the.

decisions of this court. Now, what is there in the record which warrants the assumption that the suit was not properly revived; that a guardian *ad litem* for the infant heirs was not regularly appointed; or that jurisdiction was not acquired over the non-resident heir? The record certainly shows affirmatively that a guardian *ad litem* was appointed, for it contains an order appointing one. It also contains an answer of such guardian. It contains an order of publication of the proper notice, as in case of foreclosure actions. Upon the record as it stands it is impossible to say the judgment of foreclosure is void for any of the above objections taken to it; but we think there is an error in it which must work a reversal of it in part.

- After adjudging the amount due on the note and mortgage, and ordering a sale of the mortgaged premises, the judgment contains this clause: " It is further ordered that if the proceeds of such sale be insufficient to pay the amount aforesaid, the said sheriff specify the amount of such deficiency in his report of sale, and that, upon the filing and confirmation of said report, judgment be rendered against the defendants *Frank A. Hecht, Edward Hecht, Alfred Hecht*, and *Paulina F. Hecht*, who are each in equal shares and amounts personally liable for the payment of the debt secured by said mortgage, for the amount of such deficiency, with interest thereon from the date of said last-mentioned report, to the extent of the estate, interest, and rights in the said estate which shall have descended to them from, or been devised to them by, Rosina Hecht, deceased, and that said deficiency be a lien on said property, the plaintiff having execution therefor."

· It is quite obvious that this clause of the judgment is utterly indefensible, and the able counsel for the plaintiff did not attempt to justify or sustain it by argument. The clause makes the heirs personally liable for any deficiency, without a *scintilla* of proof that they ever incurred such a

responsibility. It adjudges that the deficiency be a lien upon the other property of Rosina, deceased. If a deficiency should be found to exist after the sale of the mortgaged property, it should have been certified to the probate court, to be paid with the other debts of the deceased.

The judgment, as it now stands, is a lien upon the other property of Rosina, and may operate to the prejudice of her general creditors, if any she has. The learned counsel for the plaintiff, however, contended that no one of the appellants was injured by this clause in the judgment. We cannot adopt that view. It is true, the guardian *ad litem* did not appeal; and the appeal attempted to be taken in behalf of the minor heirs by the testamentary guardians was unavailing. But *Frank A. Hecht* manifestly has the right to complain of this judgment, and he has taken an appeal from it. The executors also have appealed, who are interested in the estate of their testatrix, and are bound to see that it is administered according to law. It was clearly their duty to see that the plaintiff did not obtain an undue advantage over other creditors of Rosina. The statute gives them the right to the possession of the real estate until the estate is settled, and we have no doubt they had such an interest therein as entitled them to appeal from this erroneous judgment.

That portion of the judgment above referred to must be reversed, with costs against the said respondent, and in favor of the executors and *Frank A. Hecht*. In all other respects the judgment of foreclosure is affirmed. The cause is remanded to the circuit court, with directions to modify its judgment so as to conform to this decision.

*By the Court.*— It is so ordered.