### KENT v. DAKOTA FIRE & MARINE INSURANCE COMPANY.

1. The party alleging error in this court must be able to establish affirmatively the existence of such error by the record. It is only when the record affirmatively shows error that this court will reverse the judgment.

2. Every presumption is in favor of the correctness of the judgment of a court of general jurisdiction until the contrary is made affirmatively to appear.

3. Under the provisions of Section 1, Chapter 112, Laws 1889, an order of reference should be made by the court or judge, and entered of record, but on appeal to this court, in the absence of evidence in the record showing that such an order was not made, the court will presume, in support of the judgment, that such an order was duly made.

4. A recital in the judgment that the issues "having been duly and legally referred," in the absence of evidence in the record countervailing such recital, or in any manner tending to impeach it, will be taken as true and based upon sufficient evidence before the court below.

5. By Section 3 of said chapter, it is provided "that the court may review such report [of the referee,] and on motion enter judgment thereon, or set aside, or alter, or modify the same, and enter judgment upon the same so altered or modified, and may require the referees to amend their reports when necessary." *Held*, that, under this provision the court was authorized to add conclusions of law, when the same were omitted or imperfectly stated in the report, and enter judgment upon the findings so modified, without re-referring the report to the referee for amendment.

6. By Section 1 of said chapter, it is provided that "all or any of the issues in an action, whether of fact or law, or both," may be referred. And by Section 3 it is provided that referees "must state the facts found and their conclusions of law separately." *Held,* construing the two sections together, that referees are only required to state their conclusions of law when all the issues of fact and law are referred. *Held, further,* that in this case it does not appear from the record what issues were referred, and hence this court cannot say that the report did not conform to the order of reference.

7. It is further provided, by Section 3 of said chapter, that referees must report their findings, "together with all the evidence taken by them, and all exceptions taken on the hearing." *Held,* that this position is mandatory. *Held further,* that in this case, as it appears by the "additional abstract" that all the evidence was before the court when the report was confirmed and judgment entered, there was a substantial compliance with the statute.

(Syllabus by the Court.    Opinion filed Oct. 20, 1891.)

Appeal from circuit court, Davison county. Hon D. HANEY, Judge.

Action by Caroline B. Kent against Dakota Fire and Marine Insurance Company to recover on an insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*J. L. Hartnett* for appellant.

Without an order of reference the referee had no jurisdiction to hear the evidence, find the facts therefrom and conclusions of law thereon, or report the same. §§ 1 and 2, Chap. 112, Laws of 1889; Litchfield v. Burwell, *et al.,* 5 How. Pr. 341; Stone v. Merrill, 43 Wis. 72; 3 Waits Pr. 256; 31 Barb. 106. Appearance of the parties before the referee and going to trial without objection will not cure the want of an order referring the issues in the case and such order must be in writing and appear in the record; it cannot rest in parol. Stone v. Merrill, 43 Wis. 72; Van Slyke v. Ins. Co., 39 Wis. 390; Damp v. Town of Dane, 29 Wis, 432; State *ex rel* McCurd v. Tappan, 29 Wis. 664; Shaw v. Kent, 11 Ind. 80. The court erred in confirming the report of the referee, because said referee did not state his findings of facts and conclusions of law separately. § 3, Chap. 112, Laws 1889; Brown v. Brown & Graves. 3 Cal. 101; 2 Cal. 305; Marcas v. Leony, 20 N. E. 586; 103 Pa. St. 463; Oaks v.

Jones, 11 Kan. 443; Lambert v. Smith, *et al.* 3 Cal. 408; 30 Cal. 285; 2 Minn. 134.  When a cause has been referred to a referee the court cannot find the facts.  Fuller v. Adams, 44 Vt. 543. Where an action is referred the statute authorizing such reference must be strictly complied with.  Burnett v. Gould, 27 Hum. 366.

The court erred in confirning the report because the referee failed to report the evidence taken in the case.  § 3, Chap. 112, Laws of 1889.

*A. B. Melville* for respondent.

An assignment of error should not be considered when the question involved is raised for the first time upon appeal.  McNut v. McNut, 19 N. E. 115; Oldenburg v. Devine, 42 N. W. 88; Redden v. Mail, 20 N. E. 493; Queen Ins. Co. v. Studebaker Bros. M'f'g Co. 20 N. E. 249; Keyes v. Clare, 41 N. W. 453.

There is no suggestion in the record that no order of reference was made.  Mere statement of counsel will not be taken against the presumptions that always go with and sustain the judgments of a court of record.  Herrick v. Butler, 30 Minn. 791; Credit Foncier of America v. Rogers, 10 Neb. 184; Reinig v. Hecht, 16 N. W. 548;   The recital in the judgment that this course was duly and legally referred, is conclusive until the order and judgment is set aside.  Freeman on Judgments, § 130; Reily v. Lancaster, 39 Cal. 548; Bissell v. Pierce, 20 N. Y. 255; Bronson v. Caruthers, 49 Cal. 375; Mayfield v. Bennett, 48 Ia. 194; Noyes v. Butler, 6 Barb. 608; Shumway v. Stillman, 6 Wend. 447; Id. 4 Cow. 296; Blake M'f'g Co., 77 N. Y. 626; Hahn v. Kelley, 34 Cal. 391; Ferguson v. Crawford, 70 N. Y. 253. Even if the record showed that the case was never legally referred, the evidence of plaintiff, taken on motion of defendant, and the depositions taken by defendant and which were before the court were amply sufficient to sustain the judgment.

This evidence is or should be in a bill of exceptions, but when the appellant fails to bring up any evidence in the case, the court will presume it is sufficient to sustain the judgment. Sierra County v. Dona Ana County, 21 Pac. 83; Cole v. Cady, 2 Dak. 29; Baker v. Byerly, 42 N. W. 395; Smith v. Fletcher,

11 S. W. 824; First National Bank v. Wood, 45 Hun. 44; Martin v. Splivalo. 21 Pac. 547; Eddy v. Weaver, 15 Pac. 492.

The referee's finding that the plaintiff had fulfilled all the conditions of the policy on her part is conclusive. Grant v. Morse, 22 N. Y. 323; Mimmelman v. Henry, 21 Pac. 731.

If there was no order made or on file referring the case, the correct method of bringing the matter before the lower court was by motion to set aside the report of referees for that reason. Ingersol v. Bostwick, 22 N. Y. 425.

Where a reference is had and case tried before a referee and no order is made, the court will make order *nunc pro tunc*. Whalen v. Board of Supervisors, 6 How. 278; Bucklen v. Chapin, 35 How. 158; 53 How. 489.

CORSON, J.   This was an action on an insurance policy. The case was tried by a referee, who reported the facts in favor of the plaintiff, upon which judgment was entered. Defendant appeals. Exceptions were filed to the report of the referee in the court below, but, on motion for judgment, the report was confirmed by an order, the material part of which is as follows: "It is ordered that the report of the referee herein be, and the same is, in all things confirmed; and the following findings of fact are hereby made the findings of the court to the same extent and as fully as if the same was separately set out as the findings of the court." The findings of fact reported by the referee, with a few slight changes, were signed by the court. To the findings so signed by the court is added the following: "The court finds, as matter of law, that plaintiff is entitled to judgment against said defendant for the sum of $980.28, with interest from July 22, 1889." This was also signed by the court. Upon the findings and conclusions of law so found judgment was rendered in favor of plaintiff, in which is the following recital:" "An action having been brought herein by the above named plaintiff against the above named defendant for the recovery of money, and issue having been duly joined in said action, and the same having been duly and legally referred by consent of parties to John H. Baldwin, Esq., an attorney and counselor at law, and said Baldwin hav-

ing duly and legally made and filed within the proper time his report and findings of fact," etc. A bill of exceptions was duly settled, as appears by the certificate of the judge contained in the abstract, but it is not set out in the abstract, except the findings of fact by the referee, exceptions to his report, findings, and conclusions of law signed by the court, order confirming report, judgment, and exceptions taken thereto. Only two of the exceptions to the report of the referee need be set out, and these are as follows: "*First.* That the referee did not state the facts and conclusions of law as provided by Section 3, Chapter 112, Laws Dak. 1889, in this: that the report states that he finds the following facts, but does not say what he finds as conclusions of law, or that he finds any conclusion of law whatever. Also that he did not state the conclusions of facts and of law separately; for, in the conclusions of facts found, he includes and recites conclusions of law, and nowhere separately finds and states the conclusions of facts and of law as provided by said section. *Second.* That no evidence whatever is certified, reported, or submitted to this court by the referee, and there is now no evidence properly before this court, upon which this court can review the report or findings of the referee, or the exceptions taken by counsel for defendant at the trial, on the introduction of testimony, as provided by law."

The first point made by appellant is that the court erred in confirming the report of the referee, for the reason that there had been no order made by the court, or judge thereof, referring the issues in this action to J. H. Baldwin, as referee, to hear and determine the same, or report his findings of fact and conclusions of law thereon; and that the issues in an action, whether of law or fact, can only be referred by the court, or judge thereof, in the manner provided by law. Section 1, Chapter 112, Laws 1889, provides as follows: "Section 271 of the Code of Civil Procedure is hereby amended so as to read as follows: "Sec. 271. All or any of the issues in an action, whether of fact or law, or both, may be referred by the court or judge thereof, upon the written consent of the parties, and the fees of such referee shall be fixed by the court, which

shall in no case exceed ten dollars per day." This section was evidently copied from the statute of Wisconsin, with the words "judge thereof" added after "court." The corresponding section of the Wisconsin statute was construed by the supreme court of that state in Stone v. Merrill, 43 Wis. 72, and the court in that case says: "It is the order of the court that confers upon the referee the power to administer oaths, examine witnesses, and hear and determine the issues, and no written consent, without the order, will confer the power. The order is therefore indispensable, and should be made a record of the court." As this decision was made prior to the adoption of the section by the late territory, it will be presumed that our legislature adopted the section with the construction given to it by the Wisconsin court. If, then, it was made to affirmatively appear, by the record before us, that no such order was made by a court or judge, the question presented would be a serious one. But it is contended by the learned counsel for respondent that it nowhere appears from the record before us that such an order was not made, and that all there is before the court is the suggestion of counsel for appellant in his brief. Counsel for respondent also contends that the record of appellant shows conclusively, for the purposes of this appeal, that such an order was made, as the court finds and recites in its judgment that the case was "duly and legally referred by the consent of the parties." A careful examination of appellant's abstract satisfies us that the contention of respondent's counsel is correct, and that the record fails to show, or even suggest, that such an order was not in fact made. Counsel for appellant filed full and carefully prepared exceptions to the report of the referee in the court below, but nowhere in them is it even suggested that such an order was not made. This ground of exception is entirely omitted, and in no part of the exceptions or record, so far as the same appears in the abstract, is the fact that no such order was made stated, referred to, or suggested.

Counsel for appellant in his brief has failed to point out any evidence in the record that such an order was not made,

unless by inference he calls our attention to the recital in the report of the referee. That recital is as follows: "In accordance to a stipulation by and between the respective parties herein, that the above entitled case be brought on for trial before me as referee, at my office," etc. The stipulation seems, from the recital, to have been made with the view to bringing the case on for trial, and the language "before me, as referee," seems to indicate that the referee had been previously appointed. But the recital is too vague and indefinite to be of any service to us in the solution of this question. The party alleging error in an appellate court must be able to establish affirmatively the existence of such error by the record. The record must show affirmatively that no such order was made; otherwise the appellate court will presume that it was so made. The theory of the appellant seems to be that, where the record does not affirmatively show that such an order was made. the court will presume that it was not made. But such, we apprehend, is not the rule. Where the record is silent as to any fact necessary to support the judgment, the court will presume its existence, in the absence of evidence in the record showing its non-existence. It is only when the record affirmatively shows error that this court will reverse the judgment. In Herrick v. Butler, 30 Minn. 156, 14 N. W. Rep. 794, the court says: "A judgment of a court of general jurisdiction is presumed valid until the contrary is shown. It is not enough to overcome this presumption that the judgment roll is defective, or that some of the papers that should properly constitute a part of it are wanting." See, also, Gemmell v. Rice, 13 Minn. 400, (Gil. 371;) Williams v. McGrade, 13 Minn. 46, (Gil. 39;) Jorgensen v. Griffin, 14 Minn. 464, (Gil. 346;) Holmes v. Campbell, 12 Minn. 221, (Gil. 141;) Piper v. Packer, 20 Minn. 274, (Gil. 245;) "Jurisdiction having been once acquired over the parties and the subject matter, every presumption is in favor of the legality of the judgment." Blake v. Manufacturing Co., 77 N. Y. 626. See, also, Bissell v. Pearce, 28 N. Y. 252. In Renig v. Hecht, 16 N. W. Rep. 548, 58 Wis. 212, the court says: "Reasonable presumptions are always made in favor of the

judgment of superior courts, and the presumption of jurisdiction is indulged until something in the record shows a want of it. This is elementary law, and has often been affirmed in the decisions of this court." In Credit Foncier v. Rogers, 10 Neb. 184, 4 N. W. Rep. 1012, the court says: "It is a settled rule of law that every presumption is in favor of the correctness of the judgment of a court of general jurisdiction until the contrary is made affirmatively to appear; and this particular judgment of dismissal is no exception to the rule." In a late case in California (Caruthers v. Hensley, 27 Pac. Rep. 411) the court lays down the rule as follows: "When an appeal to this court is to be determined upon the judgment roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. If the error relied on to destroy such presumption consists in matters *dehors* the record, such matters must be brought to this court by bill of exceptions or other appropriate method. If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith." The record, therefore, failing to show affirmatively that no such order was made, we think, under the rule laid down, we must presume that such an order was properly made by the court below or a judge thereof, were there no recital in the judgment that the case was "duly and legally referred." But we are of the opinion that it does affirmatively appear in this case, from the recitals in the judgment, that such an order was duly made. The recitals are that the case "was duly and legally referred by the consent of parties;" and there is nothing appearing in the record to countervail these recitals, or which in the least impeaches their correctness. Renig v. Hecht, *supra.*

2. Counsel for defendant further contends that the court erred in confirming the report of the referee, as the referee failed to state his findings of fact and conclusions of law separately, as required by the statute. Assuming that the facts are

as stated, we think the error, if any, was cured in the court be-
low. The learned counsel evidently assumes that the referee
must in all cases find the facts and the law, but we do not
think this position is tenable. It will be noticed by the section
heretofore quoted, "all or any of the issues in an action,
whether of fact or law, or both," may be referred. If only the
issues of fact are referred, no conclusions of law would be re-
quired to be stated by the referee. It is true Section 3 of the
act provides that the referee "must state the facts found and
conclusions of law separately," but this clause must be con-
strued, with the other section referred to, to mean that, when
all the issues of law and fact are referred, he "must state his
findings of fact and conclusions of law separately." In this
case it does not appear what issues were referred, and hence
we cannot say whether or not the report followed the order.
But there is another, and perhaps more satisfactory. answer to
the position of counsel. By Section 3 it is provided "that the
court may review such report, and, on motion, enter judgment
thereon, or set aside or alter or modify the same, and enter
judgment upon the same so altered or modified, and may re-
quire the referees to so modify their report when necessary."
It will thus be seen that courts are vested with exceedingly
large discretionary powers over the reports of referees. We
are of the opinion that, under the ample power conferred upon
the court by this section, the court below was authorized, when
its attention was called to the fact—as it was by the exception
to the report—that the referee had omitted to state his findings
of fact and conclusions of law separately, to either refer
the report back to the referee for correction, or to modify
the report itself. This latter, it appears by the record, the
court did. The court made some slight alterations in the re-
port, and added thereto conclusions of law, and upon the re-
port so modified entered judgment. The court being fully
vested with this discretionary power in the matter, and having
exercised it, any irregularity in the original report in matter of
form was, we think, thereby cured. It is clear that had the
court referred the report back to the referee, with instructions

to amend it in the respect complained of, and it had been so amended and returned to the court, the irregularity would have been cured. It was no doubt the intention of the legislature, in conferring such ample powers upon the court, to avoid the delay and expense of such a reference to correct technical and formal matters that could be so speedily remedied by the court. We are of the opinion, therefore, that the action of the court below was proper, and cured any irregularity that might have existed in the original report.

3. The third and last point made by appellant is that the court erred in confirming the report of the referee, as the same was returned by the referee without the evidence taken by him on the hearing. Counsel for appellant contends that, by the provisions of Section 3, of the chapter referred to, referees must report their findings, "together with all the evidence taken by them, and all exceptions taken on the hearing." This provision is no doubt mandatory, and must be complied with, and, if the fact that a judgment was rendered when the evidence had not been reported affirmatively appeared in the record, and a proper motion had been made in the court below, an important question would be presented to the court. Supervisors v. Ehlers, 45 Wis. 281. While appellant's exception asserted in the court below "that no evidence whatever is certified, reported or submitted to this court by the referee, and there is now no evidence properly before this court upon which this court can review," etc., there is nothing in the record to show that the evidence was not reported, and was not before this court at the time the motion for judgment was heard and decided. In fact, it does affirmatively appear by the certificate of the judge that all the evidence and depositions were returned to the court at some time, and in respondent's additional abstract it is stated "all the evidence taken before the referee and all depositions were before the court on the motion to confirm." This statement in the additional abstract is not controverted by appellant. Hence this point is settled against appellant by the record in the case, and it becomes unnecessary to further discuss it in this opinion. It may have been true that

when the exceptions were prepared and filed the evidence had not been reported, but if, as shown by the record, it was reported, and was before the court on the hearing, that, we think, is a substantial compliance with the statute. There being no error in the record, the judgment of the court below should be affirmed, and it is so ordered.

BENNETT, J., concurring.

KELLAM, P. J., did not sit in or take any part in the decision of this case.