## ORMSBY v. CONRAD *et al.*

1. On an appeal to this court the record must affirmatively show error; otherwise, this court will not disturb the decision of the court below. Following the decision of Kent v. Insurance Co., (S. D.) 50 N. W. 85.

2. Where an order may be made by the circuit court as a matter of strict legal right of the applicant, or in the exercise of the court's judicial discretion, and the character and form of the order indicate that it was made in the exercise of the court's judicial discretion, and there is nothing in the record showing that it was not so made, this court will presume that such order was made by the court in the exercise of such judicial discretion.

3. Where an order is made by the circuit court, to which the applicant, upon the facts shown by his affidavits, might be entitled, as a matter of strict right, without the payment of costs, but which order the court, upon the facts disclosed is authorized to make in the exercise of its judicial discretion, and there are no findings of facts or recital of facts in the order, and the order is made on condition that certain costs and attorneys' fees shall be paid, this court will presume that the order was made in the exercise of the court's judicial discretion, there being nothing in the record showing that it was not so made.

(Syllabus by the Court. Opinion filed Jan. 31, 1894.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action to foreclose a mortgate. There was judgment by default for plaintiff, who afterwards moved to vacate the same on the ground that the action was unauthorized by him. The court ordered the judgment set aside and annulled on condition of the payment of attorney fees and costs. Plaintiff appeals. Affirmed.

*E. B. Soper, Wood & Buell,* and *Allen & Morling,* for appellant.

It is the settled doctrine in the United States that the court has jurisdiction to set aside a judgment rendered in an action in which an unauthorized appearance by attorney was entered. Vilas *et al.* v. Railroad, 123 N. Y. 441; Critchfield v. Porter, 3

Ohio, 518; Frye v. County of Calhoun, 14 Ill. 132; Harshey v. Blackmar, 20 Ia. 163; Weeks on Attorneys at Law, § 212, p. 369.

But it is claimed that the plaintiff ratified the proceedings of the attorney. Such ratification could only have been made with full knowledge of all the facts, which there can be no pretense that the plaintiff had. Weeks on Attorneys at Law, § 212. Note. A subsequent ratification of an unauthorized act of an attorney is not sufficient; the question is whether the attorney had the authority at the time to commence a suit and not whether his acts were subsequently approved. If the power of the court was illegally called into exercise the law will not suffer a profit thereby against the objections of the defendants. Frye v. Calhoun, 14 Ill. 131; Johnson v. Johnson, 31 Fed. Rep. 700.

While the lower court agreed with the appellant upon these general propositions it made as a condition precedent to the setting aside of the judgment the payment of costs and attorney's fees to the attorney who commenced the unauthorized proceedings. This was error. The authorities are all to the effect that the attorney who brings a suit without being authorized by the plaintiff so to do, is himself liable not only for the costs but for the judgment itself if the same shall have been collected in such suit. Robson v. Eaton, 1 Term Reports, 62; Weeks on Attorneys at Law, §§ 211, 212.

Corson, P. J. On November 5, 1891, E. S Ormsby, the plaintiff named in the above entitled action, made the following motion in the circuit court of Pennington county: "[Title of Cause.] Comes now the plaintiff above named, E. S. Ormsby, and moves the court to set aside and annul the judgment rendered in this cause in favor of this plaintiff and against the above named defendants on the 27th day of February, 1891, for the sum of nine thousand three hundred and fifty-eight dollars and fifty-two cents, ($9,358.52,) together with attorney's fees,

taxed at three hundred dollars, ($300,) and costs, and as grounds for such relief shows to the court: (1) That this suit was commenced and prosecuted to judgment without the authority, knowledge, or consent of this plaintiff, or subsequent ratifications. (2) That the E. S. Ormsby named as plaintiff in said suit and in the judgment rendered herein is not now, at the time of the commencement of this suit, and at no times since has been, the owner of the instruments on which said action was founded, and has had no interest therein or possession thereof or control thereover, and no authority from the owners thereof to bring such action, or cause the same to be brought. (3) That  *  *  *  the originals, neither of the notes set out in the complaint and of neither of the mortgages securing the same, were in the hands of said William T. Coad, who pretended to act as attorney for plaintiff; nor in the hands of S. A. Flower, who pretended to employ him, nor in the possession of either of them at any time during the pendency of said action, but that the seven thousand dollar ($7,000) loan, and the notes and mortgages securing the same, set out in the first division of the petition, are now, and have at all times since May 23, 1890, been in possession of the American and General Mortgage and Investment Corporation, Limited, of London, England, which has at all times since said date been the owner thereof, and that said mortgage notes, and mortgage securing same, for one thousand six hundred and seventy-four dollars and seventeen cents, ($1,674.17,) are now, and at all times since said date have been, in the possession of the American Investment Company of Emmettsburgh, of Iowa, and that the acts of the said Coad in bringing and prosecuting said suit are wholly unauthorized and void." Subsequently, on September 14, 1892, the court made an order setting aside and vacating the judgment and dismissing the action, but made the same subject to the following conditions: "All of which is done, however, upon the express terms and conditions that said plaintiff, E. S. Ormsby, pay or cause to be paid to said William T. Coad, at-

torney, the costs of the foreclosure proceedings herein, taxed
at the sum of three hundred dollars, ($300,) as attorney's fees
for services rendered by said Coad in said foreclosure proceed-
ings, and the further sum of thirty-seven and thirty hundredths
($37.30) dollars, legitimate costs incurred therein, amount-
ing in all to the sum of three hundred and thirty-seven and
thirty hundredths ($337.30) dollars." To this part of the order
the plaintiff duly excepted, and from it he has appealed to this
court. He assigns as error that the court erred in making said
order upon the conditions specified in the part thereof from
which the appeal is taken.

Upon the hearing of the motion a number of affidavits were
read on the part of the respective parties; those on the part of
the plaintiff, Ormsby; tending to prove the facts set out as the
grounds of the motion, and those on the part of Mr. Coad tend-
ing to prove that he was authorized to bring the action in the
name of said Ormsby as plaintiff. An issue of fact was there-
fore raised by the affidavits, as to the authority of said Coad to
bring the action; but in whose favor the issue was decided by
the court does not expressly appear from the records, as the
court made no finding of fact, and the order contains no recital
of any facts upon which the same was made. A court is au-
thorized to make an order vacating a judgment and dismissing
the action upon the application of a party named as plaintiff,
whose name has been used without his authority, as a matter
of strict legal right; and, when so made, the order should be
made without imposing as a condition the payment of costs by
such applicant. And the court is also vested with a judicial
discretion to make such an order upon the application of the
plaintiff, in a proper case, upon such terms as it may deem just
and proper.

Under the motion and the facts detailed in the affidavits of
the plaintiff, Ormsby, the court was authorized to make the or-
der either as a matter of strict legal right on the part of the
plaintiff, or to make it in the exercise of its judicial discretion.

The question, therefore, arises, how is the court to determine whether the order in this case was made by the court as a matter of strict legal right, or in the exercise of the court's judicial discretion? We are of the opinion that the court must determine the question from the character and form of the order itself. We think this court will presume that the learred circuit court fully understood the law applicable to the case, and the effect of its order imposing terms upon the plaintiff, Ormsby, and that by imposing such terms the court indicated that it had decided that Mr. Coad, as an attorney, had full authority to commence the action, or at least was fully justified in the belief that he had such authority.. This court will also presume that if the circuit court had found the fact to be that Coad neither had authority, nor was justified in believing that he had such authority, it would have made the order without imposing terms upon the plaintiff, Ormsby, as it would have been by law required to do. Therefore, if the court made the order in the exercise of its judicial discretion, then the terms imposed were within its sound judicial discretion, in view of all the circumstances of the case, and this court would only reverse the order in case there appeared to have been an abuse of that discretion. The learned counsel for the appellant contend that, as the court made the order, it must have necessarily found that Mr. Coad commenced the action without authority, but in this we think the counsel are in error. We are of the opinion that, upon the facts disclosed in the motion and affidavits, the court was clearly justified in making the order, though it might have been of the opinion that Coad was fully authorized to bring the action. There was apparently a mistake or, inadvertence in bringing the action in the name of Ormsby, as he was not the owner or holder of either of the notes upon which the action was based. Hence the court could very properly exercise its discretionary powers, and vacate the judgment and dismiss the action; reserving the rights of all parties, and protecting the rights of the attorney, who appears to have acted

in perfect good faith, and under the instructions of Mr. Flower, who claimed to have been the general agent of the plaintiff, Ormsby, and of the American Investment Company. The record on appeal to this court must affirmatively show error; otherwise, the court will not disturb the decision of the court below. Kent v. Insurance Co., (S. D.) 50 N. W. 85. Where, therefore, as in the case before us, the court was vested with the power to make the order it has made in the exercise of its judicial discretion, and there is nothing in the record showing that it was not so made, this court will presume that the order was made in the exercise of such judicial discretion.

Under the motion and the facts shown by the affidavits, as we have before stated, the court was fully justified in exercising its judicial discretion, and vacating the judgment and dismissing the action. The form of the order, with the presumption in favor of the regularity of the same, it having been made by a court of general jurisdiction, lead to the conclusion that the order was so made. We are of the opinion, therefore, that the order should be affirmed, and it is so ordered.