Rutenfranz *et ux. v.* Stacer.

---

RUTENFRANZ ET UX. *v.* STACER.

SHERIFF'S SALE.—*Notice by Publication.—Newspaper.—Distance from Real Estate.*—Where the several newspapers published in a county are all printed in the same town or city, notice of a sheriff's sale of real estate, by publication in a newspaper, may be given by him in any one of such newspapers, regardless of the fact that the building in which it is printed is situated at a greater distance from such real estate than the building in which another is printed.

From the Gibson Circuit Court.

*J. Baker, Q. F. Baker* and *W. F. A. Bernhamer*, for appellants.

*C. A. Buskirk*, for appellee.

HOWK, J.—This was an action by the appellee, as plaintiff, against the appellants, as defendants, in the court below, to recover the possession of certain real estate, particularly described, in Gibson county, Indiana.

Appellee's complaint was in the ordinary statutory form in such cases; and it was alleged therein, that the appellee was the owner, in fee simple, of said real estate; that the appellants held possession thereof, without right, and had unlawfully kept the appellee out of possession; and judgment was demanded for the recovery of said real estate, and of five hundred dollars damages for being kept out of the possession thereof, and for other proper relief.

To this complaint, the appellants answered by a general denial.

The cause was finally tried by a jury, in the court below, and a verdict was returned for the appellee, that he

was entitled to the possession of the premises described in his complaint, and assessing his damages at four hundred and thirty-seven dollars and fifty cents.

The appellee entered a *remittitur* as to one hundred and fifty dollars of the damages assessed by the jury.

The appellants' written motion for a new trial was overruled by the court below, and to this decision they excepted; and the judgment was then rendered by that court, in favor of the appellee and against the appellants, from which this appeal is now here prosecuted.

In this court, the only error properly assigned by the appellants is the decision of the court below, in overruling their motion for a new trial.

In their argument of this cause in this court, the appellants' attorneys have presented, and apparently rely upon, one single point for the reversal of the judgment of the court below. Before considering the point thus presented and relied upon, a brief statement of the facts of the case, as developed by the evidence, is necessary to a proper understanding of the position assumed in argument by appellants' counsel.

The appellee acquired his title to the real estate described in his complaint under and by virtue of a deed executed to him by the sheriff of said Gibson county, in pursuance of a sale, before that time made, to the appellee, by the said sheriff, under an order of sale duly issued to him on a judgment rendered by the court of common pleas of said county, in favor of the appellee and against the appellants, on the foreclosure of a certain mortgage, executed to the appellee by the appellants, on the real estate in controversy.

No objection is taken by appellants' counsel to said judgment of foreclosure, or the order of sale issued thereon; but it is assumed, and argued at great length and with much earnestness, that the sale by the sheriff, to appellee, of the real estate in controversy, was absolutely void, because of the fact that the sheriff had not

Rutenfranz *et ux. v.* Stacer

advertised the time and place of such sale in the "newspaper printed nearest to the real estate." Of course, if the sale .was void, the deed, made in pursuance of said sale, was also void.

It was admitted, on the trial of this cause, that the sheriff's notice of the time and place of the sale in question was advertised in the "Princeton Union Clarion," a weekly newspaper of general circulation, printed in the town of Princeton, in said county; and the appellants then proved, that, at and during the time of the publication of said notice of sale, there was also printed in said town of Princeton another newspaper of general circulation, which was printed in a building situated one hundred feet nearer to the real estate advertised for sale than the building in which the "Princeton Union Clarion" was printed, and that the two buildings, in which the two newspapers were severally printed, "were about four hundred feet from each other." It was also shown by the evidence, that the said town of Princeton was about one mile square, and contained about two thousand inhabitants.

In section 467 of the practice act, it is provided, that "The time and place of making sale of real estate, on execution, shall be publicly advertised by the sheriff, for at least twenty days successively, next before the day of sale, by posting up written or printed notices thereof, in three public places in the township in which the real estate is situated, and a like advertisement at the door of the court-house of the county; and also by advertising the same, for three weeks successively, in a newspaper printed nearest to the real estate, if any such newspaper be printed within the jurisdiction of the sheriff." 2 R. S. 1876, p. 217.

From the foregoing statement of the facts in the case at bar, and from the above quoted provisions of the statute, prescribing the mode in which the time and place of making sale of real estate, on execution, shall be ad-

vertised, the point presented and discussed by appellant's counsel, in this cause, is made manifest. They insist, that the sheriff's sale of the real estate in controversy to the appellee was absolutely void, for the reason that the time and place of such sale were not advertised in that other newspaper, which is nameless in the record, but which was printed one hundred feet nearer said real estate than the "Princeton Union Clarion."

On this point the court below instructed the jury trying the cause, as follows:

"The statute, requiring the publication to be made in a newspaper nearest to the real estate, must receive a reasonable construction; and the fact, that the advertisement in this case was published in a newspaper, printed a distance of one hundred feet further from the real estate in controversy than another newspaper was printed, at the time the notice was given, will not render the advertisement void; but it is a substantial compliance with the law, and the sale would be a legal sale, if, in other respects, made in conformity with the law."

It seems to us, that this instruction is unobjectionable, either in its language or meaning. It was not the intention of the Legislature, as we construe the statute, that the words used therein should be taken in their strict literal sense. It never was intended, that the sheriff should be required to ascertain, by accurate and exact measurement, which one of two or more newspapers, published in the same town or city in his county, is the nearest to the particular parcel of real estate he may be required to advertise for sale on execution. Indeed, it seems to us, that where, as in this case, two or more weekly newspapers are published in the same town or city, and the real estate, which is to be advertised for sale on execution, really lies nearer to such town or city than to any other town or city in the county in which a newspaper is published, then, by a fair and reasonable construction of the statute quoted, the sheriff may advertise

such sale in either one of the said first-mentioned newspapers, without regard to the particular location of the building in such town or city in which either of the said newspapers may be published. In other words, we think the provision of the statute on this point may be construed, fairly and reasonably, as if it read thus: "And also by advertising the same for three weeks successively, in a newspaper printed in the town or city nearest to the real estate," etc.

"The local habitation" of a newspaper is the town or city, and not a particular building in such town or city, in which it may be published.

In our opinion, the court below committed no error in overruling the appellants' motion for a new trial of this cause.

The judgment is affirmed, at the appellants' costs