## GREENLEE v. MARKS.

SHERIFF'S SALE.—*Publication of Notice.*—*Local Habitation of Newspaper.*— "The local habitation " of a newspaper is the town or city, and not the particular building in such town or city, in which it is published ; and where real estate, lying within the limits of a town or city, is about to be sold at sheriff's sale, notice of the sale may be published in any newspaper printed in such town or city, without reference to the particular location of the building in which such newspaper is printed.

From the Tippecanoe Circuit Court.

*J. M. LaRue* and *E. A. Greenlee*, for appellant.

*J. A. Stein, G. O. Behm* and *A. O. Behm*, for appellee.

NIBLACK, J.—This was a proceeding by Diadamia Green-lee, against Jacob F. Marks, to set aside a sheriff's sale of real estate.

The complaint alleged, that the plaintiff, being a married woman, was the owner of a certain lot in the city of La-fayette; that, on the 23d day of August, 1866, she jointly with her husband, Ephraim A. Greenlee, executed a mort-gage on said lot to one Julia Stoner, to secure a debt which her said husband owed to the said Julia Stoner; that, on the 27th day of August, 1868, she also jointly with her said hus-band executed a mortgage on said lot to the said Jacob F. Marks, to secure a debt which her said husband owed to the said Marks; that afterward judgments of foreclosure were rendered on said mortgages respectively, against the plaintiff and her said husband, and orders of sale were issued on said judgments of foreclosure to the sheriff of Tippecanoe county; that said sheriff, without giving notice as re-quired by law, and without complying with the statute reg-ulating sheriffs' sales, proceeded to offer said real estate for sale, upon said orders of sale, and struck off the same to the said Marks, making return to said order of sale, that he had sold said real estate to the said Marks; that said sheriff had failed to comply with the statute governing sheriffs' sales of real estate in making said pretended sale, in this, that he refused and omitted to publish the notice of such sale in the newspaper printed nearest to said real estate; that the Lafayette Weekly Dispatch was, at the time, the newspaper printed nearest said real estate, but that said notice was not published in that newspaper, but instead thereof was published in the Lafayette Weekly Courier, a newspaper printed at a greater distance from said real estate.

Wherefore the plaintiff demanded that the sheriff's sale of said real estate to the said Marks should be set aside and annulled.

The defendant answered in four paragraphs :

1. In general denial.

2. That the real estate in said complaint mentioned lies in the city of Lafayette, within Tippecanoe county, and that due notice of the sale described in said complaint was given by the sheriff, by publication in the Lafayette Weekly Courier, a newspaper of general circulation printed and published in said city of Lafayette, for three weeks successively before the day of sale ; that the said Lafayette Weekly Dispatch, referred to in the complaint, was, in truth and in fact, at the time published about three squares nearer to said real estate than said Lafayette Courier was, but that the subscribers and patrons of each of said newspapers were scattered throughout all parts of said city ; that said Lafayette Weekly Courier was as extensively published and circulated in the vicinity of said real estate at the time of the publication of said notice as was the said Lafayette Weekly Dispatch, which last named newspaper also had its place of publication within the corporate limits of said city of Lafayette.

3. Setting up special matters in defence of the action, upon which no question arises in this court.

4. Setting up the defendant's purchase of the real estate in suit, by way of counter-claim, and praying that his title be quieted.

The plaintiff replied to the third and fourth paragraphs of the answer, and demurred to the second paragraph for want of sufficient facts to constitute a defence. The court overruled the demurrer, and, the plaintiff declining to reply further, judgment was rendered in favor of the defendant, upon the demurrer.

The question raised by the demurrer in this case was fully considered and ruled upon by this court in the case of *Rutenfranz* v. *Stacer*, 58 Ind. 467. In that case it was held, that " the local habitation " of a newspaper is the town

or city, and not the particular building in such town or city, in which it may be published, and that where real estate, lying within the limits of a town or city, is about to be sold at sheriff's sale, notice of the sale may be published in any newspaper printed in such town or city, without reference to the particular location of such newspaper within the town or city.

Upon the authority of that case we must hold that the second paragraph of the defendant's answer was good upon demurrer, and that consequently the court did not err in overruling the demurrer to said paragraph.

After judgment was rendered upon demurrer, as above stated, there was a trial by the court, upon the defendant's counter-claim set up by paragraph No. 4 of his answer, above referred to, which resulted in a finding and judgment in favor of the defendant; but, as the controlling question on such trial was the same as that which arose on the demurrer to the second paragraph of the answer, as above set forth, what we have already said disposes of the objections urged against the finding of the court upon that trial, without the necessity of further extending this opinion.

There was, therefore, no error in the finding and judgment of the court upon the counter-claim.

The judgment is affirmed, at the costs of the appellant.