FELKER v. GRANT.

1. In replevin by a mortgagor of chattels against one claiming under a sale under the mortgage, evidence that at the time the mortgage was executed, and up to the time it was foreclosed, the property was situated in a county other than that in which the sale occurred, and was seized in such other county, and taken to the latter for sale, was objected to, on the ground that it was imcompetent, irrelevant and immaterial, and

that plaintiff was estopped from showing that the property was not in the latter county at the execution of the mortgage. The objection was sustained, but on what ground did not appear. The evidence was not set forth in the abstract, and there was no copy of the mortgage therein. *Held*, that no error appeared.

2. A finding that a chattel mortgage was duly filed in a certain county is equivalent to a finding that the mortgaged property was situated in such county at the time the mortgage was executed.

3. Under Laws 1889, Chap. 26, Sec. 3, providing that "the board of county commissioners of the several counties shall at their regular quarterly meetings in April, and every year thereafter, designate not less than three public places in their respective counties" for the sale of chattels under mortgage, only the first designation, and not the subsequent ones, were required to be made at a regular quarterly meeting.

4. Laws 1889, Chap. 26, Sec. 4, provides that notice of a chattel mortgage sale shall be published in a newspaper of general circulation, printed and published "nearest the place of sale," in the county wherein the mortgage has been filed. *Held*, that where more than one paper is printed in the city, village or town where the sale is to take place, the notice may be published in either, without regard to their relative distance from the particular place in such city, town or village where the sale is to occur.

(Opinion filed July 20, 1897.)

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

Claim and delivery. Defendant had judgment and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*S. H. Wright*, for appellant.

*James Brown* and *C. C. Morrow*, for respondent.

CORSON, P. J. This is an action in claim a delivery. Judgment for the defendant, and the plaintiff appeals. The defendant claimed to be the owner and entitled to the possession of the property by virtue of a chattel mortgage sale made under a mortgage executed by the plaintiff to the Chamberlain National Bank. The validity of this sale is the only question involved in the appeal. The sale was made in front of the court house, in the city of Chamberlain, Brule county, and the

notice of sale was published in the Missouri Valley Journal, a newspaper printed and published in said city of Chamberlain. As part of his case, the plaintiff offered evidence to prove that at the time the mortgage was executed, and up to the time the same was foreclosed, the property was situated in Lyman county, and not in Brule county; was seized in Lyman county, and taken to Brule county to be sold under the mortgage. This evidence was objected to as irrelevant, immaterial and incompetent, and for the reason that plaintiff was estopped from showing that the property was not in Brule county at the time of the execution of the chattel mortgage. The objection was sustained, but upon what ground does not appear. The evidence is not set forth in the abstract, and it contains no copy of the chattel mortgage, except so far as the same is in the findings of the court, That and other findings necessary to a proper understanding of the facts are as follows: "(3) That said mortgage was executed and delivered at Chamberlain, in Brule county. South Dakota. (4) That one of the provisions in said chattel mortgage provided 'that in case of the nonpayment of the said sum of money, or any part thereof, at the time mentioned, * * * it shall be lawful for said mortgagee to take possession of said property, and sell the same at public or private sale, after giving six days' notice thereof, by publication in some newspaper of general circulation in aforesaid county, or, at the election of said mortgagor in lieu of publication, notice may be posted conspicuously, and for at least ten days, in five public places in Brule county.' * * * (5) That the aforesaid chattel mortgage was duly filed in the office of the register of deeds in and for Brule county upon the sixth day of September, A. D. 1890. (6) That, at the time of the execution of the aforesaid chattel mortgage, Lyman county was attached to Brule county, South Dakota, for judicial and other purposes. (7) That during the year 1893, and prior to the filling of the copy of said chattel mortgage, as set forth in the seventh and eighth findings of fact, Lyman county was duly organized. (8)

That upon the —— day of —— 1893, and after said Lyman county had been organized, a duly-certified copy of the aforesaid chattel mortgage was filed in the office of the register of deeds in and for Lyman county. (9) That upon the 6th day of September, 1893, and after the organization of said Lyman county, a certificate of the renewal of the aforesaid chattel mortgage, in due form, was duly filed in the office of the register of deeds in and for Brule county, S. D."

The mortgage having been executed in Brule county, duly filed there, and containing the stipulation that notice of sale should be published in that county, it would seem that evidence tending to prove that the property was in fact in Lyman county would be incompetent, as tending to contradict the terms of the chattel mortgage, and was therefore properly excluded. It might have been properly excluded also upon the ground that the plaintiff was estopped from proving any fact that tended to show that the recitals in the mortgage were not true as against the defendant, who acquired the property after the sale under the mortgage. If, therefore, the findings are not sufficient to sustain the ruling of the court, then this court must, in the absence of a copy of the chattel mortgage and the other evidence given on the trial, presume that the recitals and stipulations in the mortgage were such as to justify the court's ruling, and no error would therefore be affirmatively shown by the record. The rule is well settled that, to entitle a party to a reversal of a judgment, error must be affirmatively shown. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85.

It is further contended by appellant that there is no finding that the property was ever situated in Brule county, but we think the finding that the chattel mortgage was duly filed in that county was, in effect, a finding that it was there situated at the time the mortgage was executed.

Appellant further contends that the board of county commissioners of Brule county had not legally designated any place for the sale of mortgaged property, as required by Section 3,

Chap. 26, Laws 1889, which reads as follows: "The boards of county commissioners of the several counties shall at their regular quarterly meetings in April, and every year thereafter, designate not less than three public places in their respective counties * * * for the sale of chattels," under the provisions of said act. The court finds that in April, 1889, and in April, 1895, the county commissioners of Brule county did designate places for the sale of such property, and in the latter year the front ·of the court house in Chamberlain was designated as the place for such sales. The contention that this last order was not made at the regular quarterly meeting in April, but at a called meeting, and was therefore not a valid exercise of power conferred or duty imposed, cannot be sustained, as the law requiring the place to be designated does not require, after the first designation, that it shall be at the regular quarterly meeting. As there is no finding as to other years, it will be presumed that the board performed its duty, and that the place was legally designated in previous years.

It is further contended by appellant that the notice of sale was not published in the newspaper printed and published nearest the place of sale, as provided in Section 4 of said chapter. The section reads as follows: "The notice shall be published * * * in the newspaper of general circulation printed and published nearest the place of sale in the county wherein the mortgage shall have been filed." The court found that there were three newspapers printed and published in the city of Chamberlain. It further found that, measured on an air line, the South Dakota Democrat was the nearest to the front of the court house, and the Journal next nearest; but, measured by the line of the streets, the Chamberlain Register was nearest, and the Journal was the furthest away. But, in the view we take of the case, this finding was immaterial, except so far as it finds the Journal was a newspaper of general circulation printed and published in the

city of Chamberlain. A statute must receive a fair and reasonable interpretation, and effect must be given to it according to the intention of the legislature, as indicated in the language used, taken in connection with the other parts of the statute and the general scope and purpose of the law. The legislature evidently had in view abuses that had grown up by reason of the publication of notices of sale in newspapers printed and published in remote parts of the county from the place designated for the sale of chattel property, and its object evidently was to correct these abuses. In providing therefore, for the publication of the notice "in the newspaper printed and published nearest the place of sale," it evidently had in view these abuses, and intended to guard against them, by requiring the publication of the notice in the newspaper printed and published in the city, village, or town nearest the place of sale. When, therefore, there is more than one newspaper of general circulation printed and published in the city, village, or town where the sale is to take place, the statute would seem to be complied with by a publication of the notice in either newspaper so printed and published. This court will not presume the legislature could have intended that a mortgagee should be required to employ a civil engineer to measure the distances between different newspaper establishments printed and published in the same city, village or town, in order to determine, in feet and inches, the distance of each from the place of sale, before he could safely publish his notice of sale. The proceedings on the trial of this case show the fallacy of the contention of the appellant.

Which of the newspapers at Chamberlain was nearest to the front of the court house? Was it the one nearest measured on an air line, or the one nearest measured along streets? In Cameron v. Seaman, 69 N. Y. 396, the court of appeals of New York thus speak of a similar statute: "There is an independent ground upon which the liability of this defendant is claimed viz: that the Poughkeepsie Eagle, in which the report was

published, was not a newspaper published, nearest to the town of East Fishkill, where the mines of the company were located, and which was the place named in the certificate in which the operations of the company were to be carried on. There was no newspaper published in the town of East Fishkill, and the company were therefore required by the statute to publish the report, in some newspaper published nearest the place where the business of the company was carried on.' This place, within the meaning of the statute, was the town of East Fishkill. There was a newspaper published in the village of Fishkill, in the town of Fishkill, which adjoined to the town of East Fishkill. Fishkill village was nearer the mine than Poughkeepsie, but, as I understand the evidence one part of the town of East Fishkill was nearer to Poughkeepsie than was Fishkill village from the same point. Under these circumstances, a publication in either paper would be a substantial compliance with the statute. Fishkill village was nearer to one point of the town of East Fishkill than Poughkeepsie, while Poughkeepsie was nearer to another point than Fishkill village." And in Turley v. Insurance Co., 25 Wend. 374, where it was claimed that the certificate of the magistrate most contiguous to the place of the fire was not obtained, there being a magistrate shown to be nearer the place of the fire, NELSON, C. J., thus disposes of the question: "It seems the residence of a notary happens to be a few feet nearer the fire than the office of the judge, and we are asked to go into a nice calculation of distances and settle the point upon the laws of mensuration. '*De minimis*,' etc., is a sufficient answer to this objection. The spirit of the condition requires no such mathematical precision from the assured. Its object is completely secured by the proximity of the certifying magistrate." We are of the opinion that the trial court very properly held a publication in the Missouri Valley Journal, though some feet further distant from the front of the court house, measured by the streets, than the two other papers, was a substantial compliance with the statute, and was a

publication in the newspaper printed and published "nearest" the place of sale, within the meaning of that term as used by the lawmaking power.  The language used by the legislature is doubtful and obscure, in that it has given no rule by which to determine how the measurements are to be made, if their language is to be construed literally.  Interpretation of the language, in any event, would necessarily be required, and in such a case the learned counsel for the appellant in effect concedes that "words may be modified or varied when their import is doubtful or obscure."  The judgment of the circuit court is affirmed.

HANEY, J., took no part in the decision.