[Civil No. 2400. Filed January 27, 1926.]

[242 Pac. 868.]

## J. W. STRODE, Appellant, v. G. H. WENDE and M. M. WENDE, Appellees.

MINES AND MINERALS—REQUIREMENTS OF PUBLICATION IN NEWSPAPER "NEAREST" MINING CLAIM OF DELINQUENT CO-OWNERS CONSTRUED. Under Revised Statutes of the United States, section 2324 (Comp. Stats., § 4620), authorizing publication by co-owner of mining claim in newspaper published "nearest" claim on failure of co-owners to contribute their share, means nearest community to claim, and, if there are two or more newspapers in such community, a publication in any one of them satisfies statute, though another was a few hundred feet nearer the claim.

See (1) 27 Cyc., p. 595, n. 6.

APPEAL from a judgment of the Superior Court of the County of Gila. Frank B. Laine, Judge. Judgment reversed and cause remanded, with instructions.

Mr. H. L. Partridge, for Appellant.

Mr. W. E. SoRelle, for Appellees.

LOCKWOOD, J.—J. W. Strode, hereinafter called appellant, and G. H. Wende and M. M. Wende, here-

inafter called appellees, were together owners of the "Suydam" and "Golden Eagle," unpatented lode mining claims, situate in Gila county, Arizona. During the year 1922, appellant claimed that appellees had not contributed their share toward the annual assessment work for the years 1920 and 1921, on the aforesaid claims, and attempted to advertise them out under the provisions of section 2324, United States Revised Statutes (U. S. Comp. Stats., § 4620). He caused the notice provided for in said section to be published in the Arizona "Silver Belt," a paper published in the town of Miami, Arizona.

Thereafter appellees brought suit to quiet title against appellant, setting up their ownership, and that the latter claimed he had advertised them out as aforesaid, but alleged:

That the "Silver Belt is not the newspaper published nearest to said mining claim; that the Miami Evening Bulletin, published in Miami, Gila county, Arizona, is the newspaper published nearest said mining claim."

They further claimed that they had, during the years 1920–21, performed the assessment work required by law on the claims.

Appellant answered, denying that appellees had done any such work, and alleged that the "Silver Belt" was the newspaper published nearest to said mining claim. The case was tried before the court sitting without a jury, and findings of fact were made upon which the judgment was based. We quote from the findings of fact:

"The only question necessary to the determination of this case is whether or not the Silver Belt is the nearest or the Evening Bulletin is the nearest newspaper published in a direct line from such claim, and before the defendant can recover in this action he

must establish the forfeiture notice so published in the Silver Belt was in the nearest newspaper published in a direct line from such claims by a preponderance of the evidence. . . . It appearing to the court from the evidence in the case that the Silver Belt is not the nearest newspaper published in a direct line from said claims, but that the Evening Bulletin is the nearest newspaper published in a direct line from said claims, plaintiffs are entitled to the judgment prayed for, . . . ''

—and judgment was duly entered in accordance with such findings.

Appellant presents four assignments of errors, which raise in effect two questions, one of law, and the other of fact, which we will discuss as seems best. The question of law involved is a construction of the meaning of the phrase, "the newspaper published nearest the claim," in section 2324, *supra*. There is, so far as we are able to find, no determination by the courts of the meaning of this language. It is a matter of first impression in this jurisdiction certainly, and probably in the United States. Fortunately, however, we are not without aid from decisions on analogous statutes. In *Rutenfranz* v. *Stacer*, 58 Ind. 467, the Supreme Court of that state had under consideration a statute requiring the advertisement of a sale of real estate to be published by the sheriff in the "newspaper printed nearest to the real estate." At the trial therein, it was proved there was in the town another newspaper, the building of which was 100 feet nearer the real estate than the building of the paper publishing the notice. The court said:

"It was not the intention of the Legislature, as we construe the statute, that the words used therein should be taken in their strict literal sense. It was never intended that the sheriff should be required to ascertain, by accurate and exact measurement, which

one of two or more newspapers, published in the same town or city in his county is the nearest to the particular parcel of real estate. . . . Indeed, it seems to us, that where, as in this case, two or more weekly newspapers are published in the same town or city, . . . by a fair and reasonable construction of the statute quoted, the sheriff may advertise such sale in either one of the said first-mentioned newspapers, without regard to the particular location of the building in such town or city in which either of the said newspapers may be published.''

This case was approved in *Greenlee* v. *Marks,* 62 Ind. 418.

The Supreme Court of Illinois, in *Stow et al.* v. *Kimball et al.,* 28 Ill. 93, construes a similar statute, and says:

''The statute has no such trifling meaning as that it is necessary to measure with chain or tape line, the distance from the judges' bench to the printing office, to see which of two or more newspapers published at the county seat is the nearest. Any newspaper printed at that place answers the intention of the law.''

See, also, *Felker* v. *Grant,* 10 S. D. 141, 72 N. W. 81.

We think this construction to be the correct one. The purpose of the notice required by the statute is to notify the world, and particularly the co-owner who is being advertised out, of what is happening. The reason that the phrase, ''nearest the claim,'' is used, is well illustrated in *Felker* v. *Grant, supra,* when the court says:

''The legislature evidently had in view abuses that had grown up by reason of the publication of notices of sale in newspapers printed and published in remote parts of the county from the place designated for the sale of chattel property, and its object evidently was to correct these abuses. . . . ''

To hold that the statute requires a literal compliance with its terms would be to reduce it to an absurdity, and in many cases make it utterly unworkable. Mining claims, as a rule, are situated in more or less inaccessible localities. Is it presumed that the owner desiring to advertise out a delinquent partner must have an accurate survey made to each of possibly, half a dozen newspapers whose buildings are located approximately the same distance from the claim? A mining claim is 1,500 feet long. It is entirely possible that one paper might be nearer to one end of the claim, while the other paper would be nearer to the other end. On appellees' construction of the statute, which paper should be used?

We conclude that it is unreasonable to suppose Congress could have meant to impose such a burden upon the generally impecunious prospector, and we hold that the word "nearest" in the statute means in the nearest community to the mining claim, and that, if there be in the community which is actually nearest two or more newspapers, a publication in any of them satisfies the statute, even though the building in which one is printed may happen to be a few inches nearer the claim than the other.

Turning, then, to the evidence in the case, we find that it appears conclusively therein that the town of Miami was the community nearest the claims in question, that both the "Silver Belt" and the "Bulletin" were published in said town, and that the difference in the distance of each from the claims in question was not in excess of a few hundred feet at the most. Such being the fact, we think appellant published his notice in a newspaper provided by statute, and, since there is no contention that there was any other defect in his procedure, the court should have entered judgment for him.

The case is reversed and the cause remanded to the superior court of Gila county, with instructions to enter judgment for the appellant.

McALISTER, C. J., and ROSS, J., concur.