HARDMAN, Respondent, v. LASELL, et al, Appellants.

(225 N. W. 301.)

(File No. 6435. Opinion filed May 7, 1929.)

*M. C. Lasell,* of Aberdeen, and *L. H. Woodworth,* of Webster, for Appellants.

*C. C. Bush,* of Waubay, and *Howard Babcock,* of Sisseton, for Respondent.

FULLER, C. After commencement of this action the respondent, Hardman, became receiver of the First National Bank of Waubay, which bank will be herein referred to as plaintiff and respondent. The suit was to quiet title to a certain residence property in Waubay, and for specific performance of a contract under which plaintiff claims to be entitled to deed. The defendants joined in the suit, and served with process, may be referred to as Bowler, Herold, and Lasell. Bowler and Herold defaulted. Lasell joined issue, defended the case, and from an adverse judgment, and order overruling motion for a new trial, he appeals.

The rights of respondent below are based upon a contract for deed made by Bowler as vendor to Herold, and assignment of the contract by Herold to respondent bank. At all times material to this case the legal title to the property stood in the name of Lasell, who claims to be its exclusive owner. The theory of respondent's proof, accepted by the trial court as sufficient to support the judgment, was that Bowler, the vendor in the contract of sale, and Lasell, appellant, were partners or in joint venture in the ownership of, and in the right to dispose of, the property. Proof of the rights of Bowler in the property, necessary to support respondent's judgment, rests largely on the testimony of Bowler, which was taken by the plaintiff before trial, under Rev. Code 1919, § 2715. The date of the order for examination is stated contradictorily in the record. The examination was had November 7, 1925, and, of the examination, Lasell was given one day's notice, according to a provision in the order. The notice given Lasell appears to have been in the form of a joint subpœna for the appearance, at the specified time, of both Bowler and Lasell as witnesses adverse to plaintiff, together with copy of the order, as we infer from the record and from statements of counsel in oral argument. At the time of trial, Bowler was out of the state, and the reason for taking his testimony as an adverse party before trial, and upon one day's notice to Lasell, seems to have been that plaintiff's attorneys were waiting an opportunity to subpœna Bowler within the state at a time when the presence of both a referee and reporter could also be had. Lasell attended at the time of the examination of Bowler, with his brother, an attorney at law, who was not, however, the regular counsel of Lasell in this or in certain associated litigation.

The appellant Lasell first complains that the testimony of

Bowler, so taken by plaintiff as an adverse party before trial, was not admissible at the trial, because Bowler had defaulted as a defendant, and because his interests were identical with plaintiff under the issues; in short, that Bowler was not a real adverse party to plaintiff. Whether the mere fact of the joinder of Bowler as a defendant entitled the plaintiff to cross-examine him, or whether his personal interest, in the issues covered by the examination, should control, it is unnecessary to decide. The testimony adduced was lawful and competent, and material so far as it tended to prove or disprove issuable facts. The circumstance that plaintiff bank adduced that proof in the manner of cross-examination in this particular case was without any prejudice to appellant, the codefendant of Bowler. The chief distinction between such an examination, and ordinary direct examination, by plaintiff, would have been that plaintiff, in the one case, was not bound by the testimony of the witness and could refute the same. Neither that fact, nor any other circumstance peculiar to cross-examination, can form the basis for any prejudice to the appellant Lasell so far as the record of this appeal is concerned.

It may also be said that the order of the trial court allowing examination by one party of another, as an adverse party under section 2715, is, in effect, a ruling that the party to be examined is such an adverse party. So long as that ruling, in the form of a court order, is not appropriately questioned, as by motion to vacate, or to suppress the testimony, or by objections timely filed under section 2771, it is not subject to review. Assuming, without deciding, that the privilege of cross-examination before trial, under section 2715, may not be abused by the deliberate joinder of complete strangers to the suit, or of persons actually interested with the examining party, for the mere purpose of cross-examination, that objection should be timely directed, by appropriate procedure, to the ruling of the court under which the examination is had, and not made for the first time when the proof is offered in trial.

But appellant complains that the court could not lawfully permit or authorize an examination on one day's notice to the appellant Lasell. Section 2715 reads in part: "The examination provided for in the preceding section may be had at any time before the trial, at the option of the party claiming it, before a judge of the court or a referee appointed for that purpose by a judge of

the court; upon six days' notice to the party to be examined and any other adverse party, unless, for good cause shown, the court order otherwise."

It is clear that, on good cause shown, the examination could have been permitted on less than six days' notice to Lasell, as a party adverse to plaintiff. In oral argument, appellant suggested that such cause did not exist. But neither the order, nor the affidavit on which it was based, is in the printed record. Error may not be presumed on appeal. As the court might rightfully shorten the time of notice to one day, on good cause shown, it must be presumed that the proper showing was made, especially where other facts, shown in the record, appear to suggest, rather than refute, the existence of good cause for a short day.

■ The order appointing the referee and permitting the examination was apparently made October 20, 1925. It is an order which may be obtained ex parte. Niblo v. Ede, 39 S. D. 338, 164 N. W. 109. It inferentially appears that the order did not indicate the time of examination, due to the fact that Bowler was not in the state, and that it was left to the referee by subpœna to fix that date, when the presence of the party, with the referee and reporter, might be obtained. Respondent points out that the appellant was present at the time of Bowler's examination with a brother who was an attorney; that a full opportunity existed in appellant and his attorney to examine the witness, if they chose, or if it was desired to obtain another attorney to conduct such examination. It might be reasoned that, as appellant was thus given an opportunity to examine the witness Bowler, no prejudice is apparent; but this point is passed, and our conclusion is based on the fact that the court had jurisdiction, on good cause shown, to order the examination on one day's notice to appellant, and that, in the absence of a further record, it must be presumed that the order was rightfully and regularly entered.

■■ Appellant further argues, as insufficient, the evidence on which the trial court found the existence of a partnership or joint venture between Lasell and Bowler in the property here involved. It was upon that theory that the court concluded that Bowler could bind Lasell by the contract to sell the property to Herold, which contract is shown to have been fully performed by Herold and his assignee, the respondent. The showing of plaintiff

is disputed below, and appellant is strenuous in argument that the evidence is insufficient to support the decision. But we are satisfied that the particular proof on which the trial court based a decision for respondent is not against the clear preponderance of the evidence, and we feel bound here to accept the verity of that proof upon which the trial court placed the greater credence. But the question whether that proof, so accepted, is sufficient as a matter of law to show a partnership, is the particular contention appellant makes and it deserves consideration. A statement of the bare substance of the proof, favorable to respondent, follows:

The residence property here involved, with certain other property in Waubay, formerly belonged to a certain land company. The land company was indebted to Bowler for some commissions in an amount not shown by this record. The land company proposed to sell the property to Bowler for the sum of $3,500, taking also into consideration the commission then due by the land company to Bowler. Bowler went to Lasell, and proposed that the latter go in with Bowler on the deal to buy the property, and Lasell furnish the money. Bowler clearly testified that his proposition to Lasell was that Bowler and Lasell should "go in halves" on the property, and that each was to share one-half of the profits, on resale, over and above the purchase price. Lasell having assented to this proposition, and having provided the $3,500, the purchase was made and deed taken in the name of appellant Lasell, there being, at the time, certain judgments against Bowler. There is an inference that the $3,500 was obtained by Lasell by mortgage upon the property. Thereafter Bowler made a written contract with the defendant Herold for the sale of the property to Herold on June 8, 1919, for a consideration of $2,350. Under this contract, Herold went at once into possession, and made the three payments of the purchase price called for by the contract, the last of which payments was furnished by respondent bank, to which bank, as security, Herold, the purchaser, assigned his contract of sale.

With no more than the foregoing showing, appellant would be clearly correct in the contention that no partnership was established between Lasell and Bowler sufficient to justify a sale of the property by the latter. Grigsby v. Day, 9 S. D. 585, 593, 70 N. W. 881; Johnson v. Hogan, 158 Mich. 635, 123 N. W. 891, 37 L. R. A.

(N. S.) 889, and annotations. But it further appears that a part of the consideration for the original purchase of the property from the land company, above mentioned, was, not only the $3,500 furnished by appellant Lasell, but also certain commissions due at the time from the land company to Bowler. This circumstance would at least indicate that Bowler had some interest in the premises, aside from the naked contract of the parties to divide profits of sale. It further appears that Herold, the purchaser from Bowler, went into possession immediately after the purchase, and that, from that time until shortly before the commencement of this litigation on June 1, 1925, the appellant Lasell made no attempt to disturb the possession of Herold, nor to require the payment of rent for the premises by Herold, although apprised by Bowler of the contract of sale to Herold under which he was occupying the property. After Herold purchased the property and paid a part of the purchase price to Bowler, he asked Lasell about a deed to the same. Lasell responded that he would have to consult Bowler, and at that time admitted that he had received half of the payment which had been made.

After the contract had been assigned to respondent bank, its president was told by Lasell to draw up a deed. For a time after this, Lasell's explanation for not signing the deed was that his wife was away; her signature being desired. It seems that a controversy of some sort existed between Lasell and Bowler as to an adjustment of their financial differences, growing out of real estate deals in which they had been mutually interested. A settlement was finally had with the witness Bowler, claiming a complete adjustment between him and Lasell of their individual rights to the proceeds of the sale of the property here in question. Bowler positively testified that full credit was given to Lasell of his one-half of these proceeds, and the testimony of Bowler is corroborated by persons related to that settlement. It is further shown that, in 1918, and prior to the sale by Bowler to Herold, one Hawkins made a verbal deal for the purchase of the same property from Lasell. In connection with a discussion of the title to the property, Lasell stated he would have to see Bowler, and stated that "we are in partnership in this deal." The evidence of respondent, taken as a whole, and with the trial court's decision as to its verity, is sufficient to sustain the decision that a partnership relation or that

of a joint venture, existed between the parties, authorizing the sale of the premises by Bowler, binding appellant to the terms thereof.

In this approval of the trial court's decision, on the matter of the existence of a partnership or joint venture, there is no intention to relax the established rules, which require substance and definiteness in proof of such a . claim. But it is here a striking circumstance that appellant did know that his alleged partner had sold the property; he stood by for several years, taking no steps to question the rights of the purchaser in possession; he received half the second payment of the purchase price; and, on sufficient evidence, he is found by the trial cuort to have received credit for a full share of all the purchase price by settlement with Bowler. With his admissions, made to others, which we cannot eliminate from the record, the proof of appellant's conduct with respect to the sale is a peculiar and important corroboration in this particular case.

 Nor have we intended to hold that mere proof of the existence of a partnership and its ownership of real estate shows either partner empowered to bind another by a sale of the property. It is well settled that real estate belonging to a copartnership is, between the partners, regarded as impressed with the character of personal property. Brady v. Kreuger, 8 S. D. 464, 469, 66 N. W. 1083, 59 Am. St. Rep. 771; McPherson v. Swift, 22 S. D. 165, 173, 116 N. W. 76, 133 Am. St. Rep. 907; Betts v. Letcher, 1 S. D. 182, 198, 46 N. W. 193; 20 R. C. L. p. 853. But the general power of a partner to dispose of real estate belonging to the firm, by reason merely of its ownership thereof, appears to be limited to the object of payment of firm debts, or to the restoration to a partner of capital by him contributed to the firm. Betts v. Letcher, supra, 1 S. D. 190, 46 N. W. 193; Rev. Code 1919, § 1302. In the case at bar the power of one partner to sell is viewed as within the specific purpose for which this partnership engagement was made, and is consistent with the contractual intention of the parties. Rev. Code 1919, § 1312; 20 R. C. L. pp. 861, 864.

 Appellant further contends that, since the contract of purchase was assigned by Herold to respondent bank as security only, the respondent is not entitled to a deed as owner, and that the court erred in directing conveyance by appellant to respondent. But it is apparent that the contract has been fully performed by

the purchaser, and, if appellant is discharged from further liability under the contract, it is no concern to him as to who may receive the deed. Respondent, as assignee of the contract, was entitled to maintain the suit and compel its performance. Only Herold, who does not appeal, may assert prejudice, if any there is, on this account.

The judgment and order overruling motion for new trial are affirmed.

SHERWOOD, P. J., POLLEY, CAMPBELL, and BURCH, JJ., and MISER, C. (sitting in lieu of BROWN, J., absent), concur.