DWYER, Appellant v. CHRISTENSEN, Respondent

(92 N.W.2d 199)

(File No. 9674. Opinion filed October 2, 1958)

**Donald J. Porter,** Chamberlain, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

BOGUE, J. Plaintiff brings this action to recover damages alleged to have been caused by the negligence of the defendant in the operation of his automobile.

This is the second appearance of the case in this court. In the first trial the jury returned a verdict in favor of the plaintiff. The defendant appealed from the judgment and the denial of his motion for a new trial. We reversed the judgment. See Dwyer v. Christensen, 76 S.D. 201, 75 N.W.2d 650, 56 A.L.R.2d 734. The second trial resulted in a verdict for the defendant. The plaintiff now appeals from the judgment.

The assignments of error briefed and argued by the plaintiff relate to the trial court's refusal to give a requested instruction and to its giving of certain other instructions which were excepted to by plaintiff.

On November 28, 1952 at about 9 P.M., defendant was driving his dark green 1947 Plymouth sedan on U.S. Highway 16 in a westerly direction from Reliance, South Dakota. His girl friend was riding with him. When he reached the town of Lyman they decided to turn around and go back to Reliance. At the point where he attempted to turn around the road was blacktopped approximately 22 feet in width, fairly level with a slight dip about one-half to six-tenths of a mile east and was dry and free of any loose materials. It was dark but visibility with lights was good. The defendant in attempting to turn around drove into the entrance of the driveway of a filling station which was closed and unlighted. This was located on the south side of the highway. He then backed his car in a north-westerly direction on to the highway. When he stopped backing, the rear wheels of the car were approximately 5 feet off the north edge of the blacktop and into the ditch. The car was then headed in a southeasterly direction with the front end at about the center of the highway. Before backing his car defendant looked both to the west and east. He saw the lights of an approaching vehicle approximately three-fourths of a mile to the west and saw the reflection of lights from a vehicle slightly over a mile to the east.

As the defendant shifted gears to start forward after backing the car the motor killed. Although he continuously attempted to start the motor he was unable to do so. The lights on defendant's car may have been turned off a part of the time while he was trying to start the motor. As plaintiff's car approached from the east defendant blinked his lights by turning them off and on. The car of the defendant sat in this position for appoximately a minute before plaintiff's car reached it.

There is considerable conflict in the testimony as to the speed of plaintiff's automobile as he was approaching the defendant. It varies from 40 to 85 miles per hour. The plaintiff was driving a 1951 DeSoto sedan. At a speed

of 40 to 45 miles an hour plaintiff estimated he could stop his car within 300 feet. With his car lights on high beam plaintiff could see 200 to 250 feet ahead and on low beam about one-half that distance. Plaintiff claims that he met a vehicle prior to reaching the car of the defendant, that he switched his lights on to low beam when he was within one-half mile of this other vehicle and continued to drive on low beam thereafter. Plaintiff further claims that the headlights of this other vehicle interfered with his vision. Plaintiff's claim that he met the other vehicle before reaching defendant's car is disputed by defendant's witnesses. Plaintiff did not see defendant's car until he was about 50 to 75 feet from it. At that time he swerved his car to the south, going around and passing defendant's car without touching it. As he did so the rear wheels of his car slid off the south shoulder of the road, the car overturned and plaintiff was injured.

In reviewing plaintiff's assignments of error, we are mindful of the rules this court has announced relative to error and its prejudicial effect. Summarizing we have said: Error may not be presumed on an appeal. Hardman v. Lasell, 55 S.D. 176, 225 N.W. 301. Plaintiff having alleged error must affirmatively establish the existence of such by the record. Kent v. Dakota Fire & Marine Ins. Co., 2 S.D. 300, 50 N.W. 85. It is encumbent upon appellant to show not only error but error prejudicial to him. To show such prejudicial error an appellant must establish affirmatively from the record that under the evidence the jury might and probably would have returned a different verdict if the alleged error had not occurred. Allen v. McLain, 75 S.D. 520, 69 N.W.2d 390, 394. In the Allen case we further said:

"* * * an appellate court is guided by all the factors in the case bearing on the likelihood of prejudice, the force of the evidence to sustain the verdict, the assumptions that the jury was intelligent, and where the verdict is sustainable on more than one theory, that the verdict is based on the theory unaffected by error where nothing in the case suggests the contrary."

The trial court in instructing the jury as to the issues used substantially the language of the pleadings. The court then instructed the jury as follows: "The foregoing paragraphs constitute the claims of the parties and make up the issues to be determined by the jury."

By using the language of the pleadings the court in effect instructed the jury that one of the issues for them to determine was whether or not the defendant was negligent in failing to yield the right of the way to plaintiff approaching on U.S. Highway 16. Although requested by the plaintiff the trial court refused to include in its instructions the language of SDC Supp. 44.0319, which is as follows:

"The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway."

Plaintiff claims that he was prejudiced by this omission as under the court's instructions the jury were given the issue to decide but were not told the statutory law applicable to the issue.

Under the undisputed facts as defendant started to back his car from the driveway on to the public highway, the plaintiff's car was more than a mile away. Although there was some evidence to the effect that the defendant had some difficulty in starting his car on a cold morning, there was no evidence to indicate that the defendant had any reason to believe that his motor would kill or that he would be unable to start the motor under the circumstances as we find here. Under normal circumstances it would appear that defendant would have had ample time to have backed his car on to the public highway and to have then proceeded forward without in any way interfering with the travel of plaintiff's car.

In Peterson v. Lang, 239 Minn. 319, 58 N.W.2d 609, 612, the court in interpreting the meaning of a statute similar to SDC Supp. 44.0319 stated:

"It is to be presumed that the legislature in granting the right of way to **approaching** vehicles

did not intend the absurd or unreasonable result of including distant vehicles which are wholly outside any zone of danger."

When we apply the word **approaching** to vehicles advancing on the highway this must be given a reasonable construction. A vehicle on the highway is **approaching** within the meaning of the statute when such vehicle is so close that if it continues in the same course at the same speed there is a reasonable likelihood or danger of collision should the driver of a vehicle entering the public highway from a private road or drive fail to yield the right of way. Peterson v. Lang, supra. It is apparent here that when defendant backed his car upon the highway there was no reasonable likelihood or danger of collision with plaintiff's car. Reasonable minds could not differ as to this. The instruction as requested by plaintiff is not applicable under the facts of this case.

■■■ The court did, however, err in instructing the jury that one of the issues for their determination was whether or not the defendant was negligent in failing to yield the right of way to the plaintiff. There was no evidence from which the jury could have made this determination. The giving of instructions in substantially the language of the pleadings is not a recommended practice. In so doing there is always the danger of including allegations which are not supported by the actual evidence. The proper method of submitting a case to the jury is by a clear and precise statement of those issues which find support in the evidence. See Remmenga v. Selk, 152 Neb. 625, 42 N.W.2d 186. We are unable to see how plaintiff could have been prejudiced by this instruction. We thus hold that the error was not prejudicial.

The trial court in instructing the jury as to the assured clear distance rule followed substantially the rule adopted in the case of King v. Farmers Educational & Cooperative Oil Co., 72 S.D. 280, 33 N.W.2d 333.

These instructions were excepted to by the plaintiff on the grounds that such rule fails to take into account that it does not necessarily apply if the plaintiff's negligence

is slight. Further that the standard which should be applied in view of the present day manner of driving should be the standard of care and method of driving which would be employed by a reasonably prudent person under the same or similar circumstances.

The instructions given at the second trial relative to the assured clear distance are identical with those given at the first trial. When the case was before this court on the first appeal we said:

> "Instructions XV and XXII informed the jury as to the law concerning the assured clear distance rule * * *We have examined the instructions given and those refused. We think the instructions given adequately stated the law concerning the assured clear distance rule as applicable to the facts in this case."

In Gamble v. Keyes, 49 S.D. 39, 206 N.W. 477, 478, we said:

> "We recognize the rule of the law of the case, and ordinarily a question considered and determined on the first appeal is deemed to be settled and not open to re-examination on a second appeal, but this is not an inflexible rule, and, if the prior decision is palpably erroneous, it is competent for the court to correct it on the second appeal. Unless for most urgent reasons a palpably erroneous decision should be corrected, the decision will be treated as an adjudication, and binding as well on the appellate court as the trial court."

We cannot say that the instructions relative to the assured clear distance are palpably erroneous. Neither can we say there is any urgent reason here for making a correction as urged by plaintiff. It is our opinion, therefore, that our decision on the first appeal relative to these instructions is the law of the case.

In Instruction 16 the trial court using substantially the language found in SDC 44.0346 instructed the jury as to the various distances within which motor vehicle brakes must be capable of stopping the motor vehicle at speeds from 10 to 40 miles an hour. The court

then concluded his instruction as follows: "If you find from the evidence that the brakes on plaintiff's motor vehicle were not capable of stopping it on such a highway within such a distance, then plaintiff would be negligent in operating this motor vehicle." This instruction was excepted to by plaintiff on the grounds that there was no evidence as to condition of plaintiff's brakes or that this condition had anything to do with the accident. For such instruction to be applicable it is necessary first, that there is some evidence of defective brakes prior to or at the time of collision; second, that there is some evidence this condition was a proximate cause of the accident. Kubal v. Jackson, 119 Colo. 390, 203 P.2d 737.

■ There is some evidence in the record as to the condition of plaintiff's brakes. The plaintiff testified that at a speed of 40 to 45 miles an hour he could stop his car in approximately 300 feet. This, however, was a mere estimate. However, no where in the record does it appear that even though plaintiff's brakes were defective that such condition had anything to do with the accident. It is thus apparent that this instruction is not applicable to the facts of this case. Reviewing this instruction in the light of the rule laid down by this court in Allen v. McLain, supra, we are, however, of the opinion that the giving of this instruction did not prejudice the plaintiff. The verdict of the jury could be sustained on theories which do not involve the question of the condition of plaintiff's brakes. Therefore we cannot say the verdict of the jury might or probably would have been different if this instruction had not been given.

Relative to contributory negligence the trial court instructed the jury as follows:

> "Contributory negligence is conduct of plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause, co-operating with defendant's negligence in bringing about plaintiff's damage."

Plaintiff excepted to this instruction on the ground that it did not set forth the standard of care to which the

plaintiff should conform, namely the standard of care of the reasonably prudent person under the same or similar circumstances.

 Instructions to the jury must be considered as a whole and when as a whole it gives a full and correct statement of the law applicable to the case, they are not erroneous because the particular instructions taken alone may not have embodied all the law applicable. Hedlun v. Holy Terror Mining Co., 16 S.D. 261, 92 N.W. 31; Wiggins v. Pay's Art Store, 47 S.D. 443, 199 N.W. 122. Considering the instructions as a whole we are of the opinion that they fully set out the standard of care as requested by the plaintiff.

Affirmed.

All the Judges concur.