**Jerome C. POWERS, Plaintiff-Appellee,**

v.

**J. B. MICHAEL & CO., Inc., Defendant-Appellant.**

**No. 15294.**

United States Court of Appeals
Sixth Circuit.

April 7, 1964.

Certiorari Denied June 15, 1964.
See 84 S.Ct. 1886.

William F. Kirsch, Jr., Memphis, Tenn. (David G. Williams, Shepherd, Heiskell, Williams, Wall & Kirsch, Memphis, Tenn., on the brief), for appellant.

Thomas R. Prewitt, Memphis, Tenn. (Armstrong, McCadden, Allen, Braden & Goodman, Memphis, Tenn., of counsel), for appellee.

Before PHILLIPS, Circuit Judge, MAGRUDER, Senior Circuit Judge for the First Circuit,* and WEINMAN, District Judge.

MAGRUDER, Circuit Judge.

Father Jerome C. Powers, driving his Buick car, had a collision with a truck on a Tennessee highway leading to Memphis. He was west bound and the truck was east bound. They met head-on. It was about dusk and also there was a drizzling rain at the moment of the collision. Both the plaintiff and the truck driver were unconscious after the impact and did not recall how the accident happened, and so there was no direct evidence of the cause of it.

Father Powers testified that he was going at a reasonable speed and that his car was always on the right-hand side of the highway. After the accident the plaintiff's car was somewhat over the line on the left-hand side of the road; but that was to be expected in the circumstances.

Plaintiff sued, not the State of Tennessee but rather a contractor with which the State had a contract to widen a section of Highway 64, on which Father Powers was traveling. Since the accident took place on a portion of Highway 64 not included in the contract, the defendant contended that it had no responsibility to put up signs or other warnings of a dangerous condition of the highway. Another defense was that, if the defendant was guilty of any common law negligence, the plaintiff was himself guilty of contributory negligence. The issue of contributory negligence was left to the jury under instructions as to which the defendant took no exception,

---

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.Code.

and therefore under Rule 51, Federal Rules of Civil Procedure, there could not be any objection on this score. In fact the defendant does not raise contributory negligence as an issue on appeal.

Two of the points raised on appeal, which we must discuss hereinafter, refer to the trial judge's alleged error in admitting evidence. The third has to do with the trial judge's conduct at the trial, which the defendant says overstepped the line which even a federal judge may pursue. The fourth relates to whether the contractor had any duty to post a warning sign, because the accident occurred at a place on the highway excluded from the contract which the defendant had with the State of Tennessee. It may be noticed that this is not an action for breach of contract brought by the State of Tennessee against the defendant, but rather an action of tort brought by the plaintiff against the defendant for common law negligence proximately causing damages to the plaintiff.

It seems that at a bridge on Highway 64 there was a narrowing of the highway from 24 feet to 18 feet. There was evidence by the witness Wilkinson for the defendant that he had warned a representative of the highway department of the State of Tennessee of the dangerous condition of this part of the road because he had observed that several automobiles had gone off the edge of the highway at that location. Mr. Wilkinson, an employee of the defendant, testified that from the presence of ruts in the soft part of the approaches to the bridge he was under the impression that there was "some danger of a car running down off of that and losing control," and that he more than once told Mr. Graham, a division maintenance engineer of the Tennessee Highway Department, of the danger. Mr. Graham examined the locality and did not find that it was necessary to put up any more signs. If they had been installed, it would have had to be upon the part occupied by the defendant, in order to give adequate warning. It appears that the defendant and the high-

way department were in joint control of the premises and that the highway department did investigate whether any signs should be erected where the work was going on. The contract did not specify that the defendant should have warning signs on the portion of the highway which was included in its contract. However, as a practical construction of the contract, each party customarily warned the other of a dangerous condition which should be made known.

There was evidence that Father Powers ran off the road at a spot within the excluded portion of Highway 64 near a bridge where the highway became narrower. The only question which was raised at that time was whether the defendant had any duty to do anything about the danger to automobilists because of the narrowing of the highway.

■ The trial judge properly denied an instruction requested by the defendant that it was under no duty to do anything about a dangerous condition on an excluded portion of the highway. Upon the contrary, he charged the jury to the effect that

"[O]ne who creates or maintains on a highway, or on adjacent shoulders to a highway, a condition of such character that danger of injury therefrom to persons lawfully using the highway may or should, in the exercise of ordinary care, be foreseen or apprehended is under the duty of exercising reasonable care, by means of signs or other means to prevent such injury; and the fact that a State Highway Department is bound by contract to maintain safeguards to prevent accidents and to take other precautions for the protection of the motoring public cannot relieve the person who creates or maintains such danger from liability.

"In this case, gentlemen of the jury, if you find that defendant created a hazard which was the proximate cause of the accident in question and resulting injuries, the Court instructs you that the defend-

ant was not entitled to assume that the State Highway Department would comply with any contractual obligations that it had with respect to the condition in question."

■ With reference to the alleged error by the trial judge in admitting evidence, the plaintiff introduced evidence that accidents had taken place prior to the one to him at approaches to other bridges on Highway 64. The trial judge was careful to tell the jury that this evidence was not admissible on the issue of the original negligence of the defendant, but solely for the limited purpose of establishing that the defendant had notice of the danger at that point. Furthermore, the applicable Tennessee decisions do not require exact proof of identity of conditions in order to render the evidence of prior accidents admissible on the question of notice. One should not be hypercritical upon this point. It is enough that the conditions were substantially the same when the other cars skidded off the highway. John Gerber Co. v. Smith, 150 Tenn. 255, 263 S.W. 974 (1924). The sufficiency of the showing of similarity of conditions is primarily a matter for the discretion of the trial judge. We perceive no abuse of discretion in this particular.

■ The other alleged error in the admission of evidence by the trial judge was that the defendant put up on the premises subsequent to the accident some danger signs and smudge pots. The trial judge cautioned the jury at the time this evidence was introduced that it was not admissible as proof of original negligence by the defendant, if there was such, but was admissible only as it tended to prove that this part of the highway was under the control of the defendant. This was repeated in the general charge. It is true that the possible prejudicial effect of such evidence remains in the case, but certainly it is a matter of discretion for the trial judge to admit this evidence for this limited purpose, and again we perceive no abuse of discretion. See Trigg v. H. K. Ferguson Co., 30 Tenn.App. 672, 209 S.W.2d 525 (1947).

■ The appellant alleges misconduct by the trial judge which denied it the right to a trial before an impartial tribunal. See "The Trials and Tribulations of an Intermediate Appellate Court," 44 Cornell L.Q. 3, 4 (1958). The evidence of examination by the trial judge concerns the testimony of Louie Graham, an employee of the Highway Department called by the defendant. There was the "loaded" question asked by the defendant, "Should the trial judge assume the role of a partisan advocate in his examination of the defendant's witness in such manner as to make the testimony of the witness appear to be contradictory and in such manner as to show partisanship on the part of the trial judge?" It was said by the defendant that the district court answered "Yes" to this question. Of course, the district court denied appearing as a "partisan advocate," which obviously he should not do. The trial judge allowed a complete direct examination by counsel for the defendant, a cross-examination by counsel for the plaintiff, a redirect examination, a recross-examination, and a redirect examination, before he undertook, with evident reluctance, his questioning of the witness. The trial judge told the jury that they were the sole judges of the facts and that his questioning of the witness was not intended to show any opinion by him as to the merits of the case. It is discretionary with a federal judge how far he should question a witness for the purpose of eliciting the truth from him. We perceive no abuse of discretion in this respect. Indeed, in his charge to the jury the trial judge was very fair to the defendant and failed to disclose any hostility to it.

A judgment will be entered affirming the judgment of the District Court.