LANDRUM, Guardian of George A. Landrum II, Appellant v. DeBRUYCKER et ux, Respondents

LANDRUM, Appellant v. DeBRUYCKER et ux, Respondents

(240 N.W.2d 119)

(File No. 11642. Opinion filed March 30, 1976)

**John Mattson** of **Driscoll, Mattson & Rachetto**, Deadwood, for plaintiffs and appellants.

**Thomas E. Simmons** and **Allen G. Nelson** of **Bangs, McCullen, Butler, Foye & Simmons**, Rapid City, for defendants and respondents.

WINANS, Justice.

These two actions were consolidated for purposes of trial. They are concerned with an accident in which a Volkswagen auto driven by a sixteen-year-old youth collided with a Black Angus cow and a calf on a dark highway near Mount Rushmore, resulting in physical injury to the youth and death to the two animals. Two questions have been raised on appeal from a trial in which the jury found for Defendants and against Plaintiff on all of the issues. The first question relates to the trial judge's refusal to admit into evidence testimony concerning repairs to a cattle guard through which the cattle in question might have exited onto the highway. Plaintiff contends that the repairs made shortly after the accident would indicate Defendants' control over and responsibility for the cattle guards and would also impeach Defendant Ray DeBruycker's testimony. The second question relates to the trial judge's refusal to give a jury instruction on concurrent negligence, based on a South Dakota Pattern Jury Instruction, and requested by Plaintiff's counsel. Although we affirm the trial judge's decision with regard to the admission of evidence on safety repairs subsequent to the accident, we find that his refusal to give the requested instruction on concurrent negligence was prejudicial error and we therefore reverse.

On the evening of June 19, 1973, George A. Landrum II, son of Plaintiff George A. Landrum, accompanied by two companions, was driving a Volkswagen automobile owned by his father from his summer employment at Rushmore Cave in the Black Hills toward Rapid City. Young Landrum at this time was sixteen and had recently been allowed the use of the car by his father. At approximately 9:45 about one mile from the Keystone Wye on four lane Highway 16 the Landrum vehicle collided with a Black Angus cow and a calf. Landrum suffered injuries which required hospitalization and surgery and resulted in the partial loss of vision in his left eye. Landrum's father incurred his son's medical, hospital and related expenses and the loss of the Volkswagen auto. The father brought two actions, one of them as his son's guardian, against Ray and Janet DeBruycker who were the owners of the dead cattle and the owners and lessees of property adjacent to the highway from which the cattle apparently

entered upon the road.

Defendants admit ownership of the cattle. These cattle at the time of the accident were grazing on U.S. Forest Service land adjacent to the road, land for which the DeBruyckers had a grazing permit. There is an enclosure consisting of a wire fence, gates and cattle guards running along the highway. At trial Plaintiff introduced evidence through the testimony of several witnesses that there was a break in the fence enclosing the DeBruycker cattle and that there had been damage to a cattle guard, both at a point near the scene of the accident. Further testimony indicated that there were cattle tracks through the damaged cattle guard.

Defendant Ray DeBruycker testified at trial that he understood it was his duty to maintain the fence on the forest permit land. In fact, the Forest Service grazing permit issued to the DeBruyckers for the land in question was introduced into evidence and in it is found the following language:

> "The permittee is responsible for the maintenance or his proportionate share of the maintenance of the range improvements which are essential to the proper management of the Bitter Creek and Gordon Gulch Allotments and are listed in the Allotment Management Plan."

Ray DeBruycker at trial said that the fence and enclosures separating his permit area from Highway 16 consisted of a four-wire fence, four cattle guards with adjacent gates and one gate without a cattle guard.

DeBruycker also testified that although he previously repaired the fences, prior to the accident he had done no work on the gates and guards. There was testimony from a Forest Service employee that loggers had damaged the cattle guard closest to the scene of the accident in which the Landrum youth was injured and that the Forest Service had requested the loggers to make the necessary repairs. Ray DeBruycker, however, testified that he had had no knowledge that loggers had caused any such damage.

The first issue raised by Plaintiff on appeal is whether or not the trial court committed prejudicial error in refusing to allow Plaintiff to introduce evidence of repairs made to the cattle guard near the accident site by Defendants on the day following the VW-cattle collision. Plaintiff asserts that he had been prepared to present testimony proving that Ray DeBruycker on the day after the accident repaired the cattle guard in question by affixing pine posts to the guard where it was bent. He urged the trial court that this was proper testimony in order to show who had control of the guard and whose responsibility it was to maintain it. The court ruled such evidence inadmissible.

■ The rule that post-accident changes or repairs are not admissible to show negligence is not before us. All are in agreement that this is so. In fact, it has been stated that evidence of post-accident repairs or changes is properly introduced for any purpose except to demonstrate the negligence of a defendant. See Wallner v. Kitchens of Sara Lee, Inc., 1970, 7 Cir., 419 F.2d 1028. Nevertheless, the admission of such evidence to establish control, or for any other acceptable reason, can be highly prejudicial and remains within the discretion of the trial judge. See Powers v. J. B. Michael and Co., 1964, 6 Cir., 329 F.2d 674. McCormick has noted that "before admitting the evidence [of subsequent repairs] for any of these other purposes, the court should be satisfied that the issue on which it is offered is of substantial importance and is actually, and not merely formally in dispute, that the plaintiff cannot establish the fact to be inferred conveniently by other proof, and consequently that the need for the evidence outweighs the danger of its misuse." McCormick, Evidence 2d, 668-669. Defendants did not maintain that they had no control over the cattle guards nor did they deny duty to maintain them. An understanding of the terms of the Forest Service permit requirements was not in dispute. Those terms, as set out above and as introduced into evidence by Plaintiff, would imply sufficient control and duty on part of Defendants to take this question out of the realm of actual dispute.

■ Plaintiff also asserted that the evidence of subsequent repairs to the cattle guard was necessary to impeach testimony of the defendant. We find nothing in the record or in Plaintiff-

Appellant's briefs to support this contention.

As Mr. Justice Coler has recently noted for this Court,

"' 'Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *.' '" Moore v. Kluthe & Lane Ins. Agency, Inc., 1975, 89 S.D. 419, 234 N.W.2d 260, 268.

Taking into consideration the discretion of the trial judge, the other evidence in the record tending to establish duty and control and the absence of a need to impeach Defendant's testimony, we cannot say that the trial court was clearly erroneous in excluding testimony on repairs made subsequent to the accident.

Plaintiff proposed the following instruction, which was rejected by the trial court:

"More than one person may be responsible for causing injury to another. If you find that the defendant was negligent and that his negligence was a proximate cause of the accident involved herein, it is not a defense that some third person, not a party to this action, was or may have been partly responsible."

This instruction was drawn from South Dakota Pattern Jury Instructions, Vol. 1, #12.04. It cannot be doubted that concurrent negligence, a doctrine well established in our state, was a question in this case. Plaintiff's witness, Curtis Bates, an employee of the United States Forest Service, testified as follows:

"Q. Did you know about this damage prior to the accident?

A. Yes.

Q. In your mind had you made any steps to have the cattle guard repaired by your conduct?

A. Only to the extent that in our contracts with loggers they are required to repair any damage to improvements that they cause.

Q. You were looking to the loggers to repair that cattle guard?

A. Yes. This was a definite understanding that they had, that they would repair that cattle guard."

This testimony before the jury was sufficient to raise the question of the responsibility of individuals other than the defendants to care for the cattle guard which was admittedly in a damaged condition for an extended period before the accident in question and through which the cow and calf possibly escaped. The requested instruction was consequently in order and we find that refusal to give it was prejudicial error. As we noted in Miller v. Baken Park, Inc., 1970, 84 S.D. 624, 175 N.W.2d 605, "[r]efusal to give a requested instruction setting forth law applicable thereto. is not only error but prejudicial error." The law encompassed in Plaintiff's requested instruction was applicable to the case at hand and Plaintiff had a right to have the instruction given to the jury. There was a clear statement by a witness at trial that the Forest Service looked to the loggers to repair the cattle guard and we cannot say that such testimony coming from a Forest Service employee had no bearing on the jury's verdict.

The judgment appealed from is reversed.

DUNN, C. J., and WOLLMAN, J., concur.

COLER, J., dissents.

COLER, Justice (dissenting).

I would affirm the judgment based on the jury verdict. While I agree that, having submitted the case to the jury, the trial court erred in failing to give the requested jury instruction on concurrent negligence, I do not find from a review of the record that the appellants have met the burden of proof required to show that

the error was prejudicial. The jury was adequately instructed as to the duty of the defendant rancher, proximate cause and contributory negligence.

It is uncontroverted that George A. Landrum II, the driver of the Volkswagen of an unidentified vintage, proceeding from the Keystone Wye, on a downhill grade of a four-lane highway, pushed the vehicle to its top speed for a distance of three-quarters of a mile to one mile. Although young Landrum testified that the top speed was 60 miles an hour, the jury, weighing that testimony, was not bound by his opinion as to the speed obtained, as no witness looked at the speedometer. This court, in Dwyer v. Christensen, 1958, 77 S.D. 381, 92 N.W.2d 199, summarized our rules relative to prejudicial error and stated:

> "Error may not be presumed on an appeal. Hardman v. Lasell, 55 S.D. 176, 225 N.W. 301. Plaintiff having alleged error must affirmatively establish the existence of such by the record. Kent v. Dakota Fire & Marine Ins. Co., 2 S.D. 300, 50 N.W. 85. It is incumbent upon appellant to show not only error but error prejudicial to him. To show such prejudicial error an appellant must establish affirmatively from the record that under the evidence the jury might and probably would have returned a different verdict if the alleged error had not occurred." Dwyer v. Christensen, supra, at 385, 92 N.W.2d at 201.

Not every error in the failure to give instructions constitutes prejudicial and, therefore, reversible error. It is only when the instruction is on a legal question of such importance as applied to the facts in the individual case that it can be held to be prejudicial. Miller v. Baken Park, Inc., 1970, 84 S.D. 624, 175 N.W.2d 605.

Considering the admitted contributory negligence which was more than slight, I do not see the record establishing the possibility that "the jury might and probably would have returned a different verdict if the alleged error had not occurred." Dwyer v. Christensen, supra.